LAW OFFICES OF BRONZE & TANG, P.C.
BankPacific Building, Suite 201
825 South Marine Corps Drive
Tamuning, Guam 96913
Telephone No.: (671) 646-2001
Facsimile No.: (671) 647-7671

RICHARD A. PIPES, ESQ.
LAW OFFICES OF RICHARD A. PIPES
Orlean Pacific Plaza, Suite 201
865 South Marine Corps Drive
Tamuning, Guam 96913
Telephone No.: (671) 646-1222
Facsimile No.: (671) 646-2203

Attorneys for Plaintiff

**FILED**
DISTRICT COURT OF GUAM

AUG 2 3 2005

MARY L.M. MORAN
CLERK OF COURT

## IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| ANTHONY J. ADA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>SHELL GUAM, INC., and )<br>DOES I THROUGH XX, )<br>INCLUSIVE, )<br>)<br>Defendants. )<br>_____ ) | CASE NO. CV00-00012<br><br>**MEMORANDUM OF POINTS<br>AND AUTHORITIES IN<br>SUPPORT OF MOTION FOR<br>ORDER GRANTING LEAVE<br>TO FILE THIRD AMENDED<br>COMPLAINT** |

Plaintiff Anthony J. Ada ("Ada") has filed a Motion for Order Granting Leave to File

Third Amended Complaint ("Motion"). A copy of the proposed Third Amended Complaint

("Amended Complaint") is attached hereto as Exhibit "A" and incorporated herein by this

reference. The Amended Complaint seeks only to add an additional cause of action for breach

of contract which is based upon evidence and claims that Defendant Shell Guam, Inc. ("Shell")



Anthony J. Ada v. Shell Guam, Inc., et al
Civil Case No. 00-00012
Memorandum of Points and Authorities in Support of Motion
for Order Granting Leave to File Third Amended Complaint
Page 2 of 5 pages

has been aware of for some time. The proposed exhibits are not attached to Exhibit "A" because they are the same exhibits which are attached to the Second Amended Complaint filed herein. If this Court grants leave to file the Amended Complaint, exhibits will be attached to the Amended Complaint filed in this Court.

Rule 15(a) of the Federal Rules of Civil Procedure states that leave to amend a pleading "shall be freely given when justice so requires". The United States Supreme Court has stated that this mandate is to be heeded. *Foman v. Davis, 371 U.S. 178, 83 S.Ct. 227 (1962)*. A district judge should freely grant leave to amend when justice requires, absent a substantial reason to deny. *Moore's Federal Practice 3rd § 15.14[1]*. In the Ninth Circuit, Rule 15's policy of favoring amendments to pleadings should be applied with "extreme liberality". *Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000)* (district court must grant leave to amend freely when justice so requires); *Morongo Band of Mission Indians v. Rose, 893 F. 2d 1074, 1079 (9th Cir. 1990)* ("this policy is to be applied with extreme liberality"); *DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 186 (9th Cir. 1987)*. The underlying purpose of Rule 15 is to facilitate a decision on the merits rather than on the pleadings or technicalities. *DCD Programs. Ltd., supra.* A court should permit amendment after the time allowed by the pretrial order in the interest of justice and sound judicial administration when there will be no substantial injury to an opposing party and refusal to amend might result in injustice to the movant. *Moore's Federal Practice 3rd § 15.14[1]*.[1]

---

[1] The Sixth Amended Scheduling Order filed herein on April 29, 2005, which was agreed to by Ada because of surgery counsel for Shell was undergoing, provided for a continuation of deadlines and the trial date but did not specifically address the filing of any motion to amend pleadings. The Fifth Amended Scheduling Order

Anthony J. Ada v. Shell Guam, Inc., et al
Civil Case No. 00-00012
Memorandum of Points and Authorities in Support of Motion
for Order Granting Leave to File Third Amended Complaint
Page 3 of 5 pages

The factors that are commonly used to determine the propriety of a motion for leave to amend are bad faith or dilatory motive, undue delay, undue prejudice to the opposing party, and futility of amendment. *Id.* *at § 15.15[1]; also see Foman v. Davis, supra at 182.*

Ada asserts that no bad faith or dilatory motive can be shown since the additional cause of action contained in the Amended Complaint was prompted by Ada recently learning that it was Shell's position that Ada could not seek damages under the Second Amended Complaint because it did not contain a cause of action for breach of contract. *See, Declaration of Richard A. Pipes* ("Pipes Decl."), *attached hereto as Exhibit "B" and incorporated herein by this reference.* While not agreeing with Shell on this point since it is Ada's position that the various damages claimed by Ada are recoverable under the Petroleum Marketing Practices Act ("PMPA"), 15 U.S.C. §§ 2801 et seq. and the other causes of action asserted in the complaint, Ada immediately requested that Shell stipulate to the limited amendment requested herein to which Shell refused. *Id.*

Undue prejudice and undue delay are also factors to be considered by this Court. Generally, a party will not be prejudiced by an amended pleading if the amendment relates to the same conduct, transaction, or occurrence alleged in the original pleading, or if the opposing party is otherwise aware of the facts contained in the amended pleading. *Kreppein v. Celotex Corp., 969 F.2d 1424 (2nd Cir. 1992); State Federal Sav. & Loan Assoc. v. Campbell, 848 F.2d 1186 (11th Cir. 1988).* In this case, the proposed amendment relates to the same matters alleged in the original

filed herein on November 16, 2004, simply provides that "(n)either party shall file a motion to amend its pleadings except with leave of Court for good cause shown." For the reasons stated herein, Ada believes that good cause has been shown.

Anthony J. Ada v. Shell Guam, Inc., et al
Civil Case No. 00-00012
Memorandum of Points and Authorities in Support of Motion
for Order Granting Leave to File Third Amended Complaint
Page 4 of 5 pages

complaint, namely, how Ada has been damaged throughout his contractual relationship with

Shell through the operation of his stations. The damages calculations relating to these claims

have been provided to Shell in expert witness reports on January 10 and July 7, 2005. Shell has

taken the opportunity to depose Mr. Ada with respect to such claims and has indicated the

intent to take the deposition of Mr. Ada's damages expert in the near future. Ada has also

indicated a willingness to allow Shell to take additional expedited discovery on the breach of

contract claim, even though none appears to be necessary. *Pipes Decl.* Under these

circumstances, there does not appear to be any prejudice to Shell, much less "undue" prejudice

as required under the *Foman* case.[2]

With respect to undue delay, there should be none. There remains more than two

months to trial in this matter with ample opportunity for Shell to prepare for the breach of

contract claim, even though such information was long ago provided to Shell.

As to whether the proposed Amended Complaint would be futile, the additional cause

of action for breach of contract is well-supported by the factual allegations averred and as

described in the expert reports prepared for Ada. Courts are inclined to allow leave to amend

if it is possible for the plaintiff to state a valid legal claim. *Moore's Federal Practice 3rd § 15.15[3].*

Accordingly, the Amended Complaint would not be futile.

In this case, the Amended Complaint clearly relates to the same transaction alleged in

---

[2] Ada seeks to have adjudicated all claims he has against Shell in this litigation. However, since the claims addressed in this Motion amount to continuing breaches of the Franchise Agreements, Ada would have the right to file a separate action for such claims and the damages incurred thereunder.

Anthony J. Ada v. Shell Guam, Inc., et al
Civil Case No. 00-00012
Memorandum of Points and Authorities in Support of Motion
for Order Granting Leave to File Third Amended Complaint
Page 5 of 5 pages

the original pleadings. The original Complaint contains causes of action relating to Shell's unlawful attempt to terminate its petroleum franchise agreement with Ada. The Amended Complaint contains a cause of action for breach of contract relating to the same factual allegations alleged in the Second Amended Complaint which Shell has been aware of for months and upon which Shell has already conducted discovery.

Accordingly, the Motion should be granted and Shell should be ordered to answer the Amended Complaint within ten (10) days of service.

Dated this _23rd_ day of August, 2005.

LAW OFFICES OF RICHARD A. PIPES
Attorneys for Plaintiff

By: _____
RICHARD A. PIPES

RAP/nsh

# EXHIBIT "A"

LAW OFFICES OF BRONZE & TANG, P.C.
BankPacific Building, Suite 201
825 South Marine Corps Drive
Tamuning, Guam 96913
Telephone No.: (671) 646-2001
Facsimile No.: (671) 647-7671

RICHARD A. PIPES, ESQ.
LAW OFFICES OF RICHARD A. PIPES
Orlean Pacific Plaza, Suite 201
865 South Marine Corps Drive
Tamuning, Guam 96913
Telephone No.: (671) 646-1222
Facsimile No.: (671) 646-2203

Attorneys for Plaintiff

## IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| ANTHONY J. ADA,<br><br>        Plaintiff,<br><br>        v.<br><br>SHELL GUAM, INC., and<br>DOES I through XX, Inclusive,<br><br>        Defendants.<br>_____ | CIVIL CASE NO. CV00-00012<br><br>**THIRD AMENDED<br>COMPLAINT FOR UNLAWFUL<br>TERMINATION OF PETROLEUM<br>FRANCHISE, DAMAGES,<br>EXEMPLARY DAMAGES,<br>PRELIMINARY AND<br>PERMANENT INJUNCTIONS,<br>FRAUDULENT INDUCEMENT,<br>INTENTIONAL<br>MISREPRESENTATION,<br>NEGLIGENT<br>MISREPRESENTATION,<br>BREACH OF DUTY OF GOOD<br>FAITH AND FAIR DEALING,<br>VIOLATION OF DECEPTIVE<br>TRADE PRACTICES-CONSUMER<br>PROTECTION ACT, ESTOPPEL,<br>AND BREACH OF CONTRACT.** |

**EXHIBIT A**

Anthony J. Ada v. Shell Guam, Inc., et al.
Civil Case No. CV00-00012
Third Amended Complaint
Page 2 of 21 pages

COMES NOW Plaintiff and alleges as follows:

1.    Jurisdiction is vested in this Court pursuant to 28 U.S.C. § 1331.

2.    Plaintiff Anthony J. Ada ("Ada") is a resident of Guam.

3.    Upon information and belief, Defendant Shell Guam, Inc. ("Shell Guam") is a Guam corporation, with its principal place of business in Guam.  Shell Guam is a seller and distributor of petroleum products.

4.    Ada does not know the true names of Defendants Does I through XX, inclusive, and therefore sues them by those fictitious names.

## COUNT I--DAMAGES FOR UNLAWFUL TERMINATION

## OF PETROLEUM FRANCHISE

5.    On or about February 23, 1993, Shell Guam and Ada entered into a written petroleum franchise agreement, titled Agency Sales Agreement ("First Mangilao Agreement"), a true copy of which is attached hereto as Exhibit "A" and incorporated herein by this reference, pursuant to which Ada was authorized to use in connection with the sale of motor fuels and lubricants a trademark that is owned and controlled by Shell Guam.  The First Mangilao Agreement had a term of one (1) year beginning on February 23, 1993, and for one (1) year thereafter.

6.    Thereafter, on March 1, 1994, Shell Guam and Ada entered into a written petroleum franchise agreement, titled Agency Sales Agreement ("Second Mangilao Agreement"), a true copy of which is attached hereto as Exhibit "B" and incorporated herein by this reference,

Anthony J. Ada v. Shell Guam, Inc., et al.
Civil Case No. CV00-00012
Third Amended Complaint
Page 3 of 21 pages

pursuant to which Ada was authorized to use in connection with the sale of motor fuels and lubricants a trademark that is owned and controlled by Shell Guam. The Second Mangilao Agreement had a term beginning on March 1, 1994, and ending on February 28, 1999.

7.     Ada has operated the business known as the "Shell Mangilao Service Station", located in Guam, under the First and Second Mangilao Agreements, since February 23, 1993, and continues to operate such station to the date of this Complaint.

8.     On or about February 1, 1995, Shell Guam and Ada entered into a written petroleum franchise agreement, titled Agency Sales Agreement ("First Barrigada Agreement"), a true copy of which is attached hereto as Exhibit "C" and incorporated herein by this reference, pursuant to which Ada was authorized to use in connection with the sale of motor fuels and lubricants a trademark that is owned and controlled by Shell Guam. The First Barrigada Agreement had a term beginning on February 1, 1995, and ending on January 31, 1996.

9.     On or about February 1, 1996, Shell Guam and Ada entered into a written petroleum franchise agreement, titled Agency Sales Agreement ("Second Barrigada Agreement"), a true copy of which is attached hereto as Exhibit "D" and incorporated herein by this reference, pursuant to which Ada was authorized to use in connection with the sale of motor fuels and lubricants a trademark that is owned and controlled by Shell Guam. The Second Barrigada Agreement has a term beginning on February 1, 1996, and ending on January 31, 2001.

10.     Pursuant to the First and Second Barrigada Agreements, Ada has operated the business known as the "Shell Barrigada Service Station", located in Guam, continuously from

Anthony J. Ada v. Shell Guam, Inc., et al.
Civil Case No. CV00-00012
Third Amended Complaint
Page 4 of 21 pages

February 1, 1995, to the date of this Complaint.

11. On or about March 18, 1999, Shell Guam and Ada executed a document titled Amendment of Agency ("Agency Amendment"), a true copy of which is attached hereto as Exhibit "E" and incorporated herein by this reference, which purported to amend certain provisions of the Second Mangilao Agreement and Second Barrigada Agreement. According to its terms, the Agency Amendment purported to amend the term of the Second Mangilao Agreement to expire on February 29, 2000, instead of February 28, 1999. Further, the Agency Amendment purported to amend the Second Barrigada Agreement to provide that its term would expire on February 29, 2000, instead of January 31, 2001.

12. The Agency Amendment also wrongfully and illegally attempted to delete Section 15 from the Second Mangilao Agreement titled "Termination and Non-Renewal" which contained the rights and obligations of the parties with respect to termination and non-renewal and certain rights guaranteed by the Petroleum Marketing Practices Act ("PMPA"), 15 U.S.C. §§2801 *et seq.*

13. On or about December 10, 1999, Shell Guam attempted to notify Ada that the alleged "agency" relationship for the operation of the petroleum franchises at the Mangilao Shell and Barrigada Shell Service Stations would be terminated and not renewed as of February 28, 2000. A true copy of the purported notice of termination and non-renewal is attached hereto as Exhibit "F" and incorporated herein by this reference.

14. Shell Guam's, and other unknown Doe defendants', attempted termination of

Anthony J. Ada v. Shell Guam, Inc., et al.
Civil Case No. CV00-00012
Third Amended Complaint
Page 5 of 21 pages

Ada's franchises were not in accordance with the PMPA because Shell Guam did not, as required by 15 U.S.C., Sections 2802 and 2804, provide Ada with the required written notice of the termination or non-renewal and no grounds for such termination or non-renewal were contained in the purported notice of non-renewal.

15.     Ada is informed, and therefore believes, and on that basis alleges, that defendants' unlawful termination of Ada's franchises as described above was wilful in that Shell Guam and other unknown Defendants intentionally and knowingly failed and refused to notify Ada of the grounds for such alleged termination or non-renewal of the petroleum franchises for the Mangilao and Barrigada Stations, all clearly in violation of the PMPA.  These actions and conduct demonstrate a wilful disregard of the requirements of Title 15, §2804 of the United States Code.

16.     As a direct and proximate result of defendants' unlawful attempt to terminate the franchises of Ada as described above, Ada has sustained damages in amounts to be proven at trial.

17.     Ada has incurred, and will continue to incur, reasonable attorneys fees and costs in this action.

//

//

//

//

Anthony J. Ada v. Shell Guam, Inc., et al.
Civil Case No. CV00-00012
Third Amended Complaint
Page 6 of 21 pages

## COUNT II--PRELIMINARY AND PERMANENT INJUNCTION AGAINST

## TERMINATION OR NON-RENEWAL

### OF FRANCHISE AGREEMENTS

18.     Ada realleges all prior allegations in this Complaint and incorporates them herein as if set forth in their entirety.

19.     Defendants, including Shell Guam, have failed to comply with 15 USC §2802--2804 in attempting to terminate the franchise agreements of Ada as herein described.

20.     Given the purported notice of termination or non-renewal described above, Ada believes that, unless enjoined, defendants, including Shell Guam, will attempt to terminate and not renew the franchise agreements of Ada and to assume possession of the premises known as Shell Mangilao and Barrigada Service Stations, pursuant to the aforesaid void, illegal, and improper notice of termination or non-renewal.

21.     Ada will suffer irreparable harm and injury unless the aforesaid acts of the defendants, including Shell Guam, are enjoined as herein requested.

22.     Ada has no adequate remedy at law other than to seek judicial resolution of the dispute as herein requested and to have the defendants, including Shell Guam, permanently enjoined as herein requested.

23.     Shell Guam should be preliminarily and permanently enjoined from attempting to terminate or failing to renew the franchise agreements between it and Ada.

//

Anthony J. Ada v. Shell Guam, Inc., et al.
Civil Case No. CV00-00012
Third Amended Complaint
Page 7 of 21 pages

## COUNT III -- FRAUDULENT INDUCEMENT

24.    Ada realleges all prior allegations in this Complaint and incorporates them herein as if set forth in their entirety.

25.    In seeking to convince Ada to enter into the First and Second Barrigada and First and Second Mangilao Agreements (collectively, the "Franchise Agreements"), Shell Guam made false representations or failed to disclose material facts to Ada relating to Shell Guam's belief that Ada had no rights under the PMPA even though the Franchise Agreements authored by Shell Guam specifically indicate that Ada is entitled to such rights, information which had it been disclosed would have resulted in Ada not entering into the Franchise Agreements with Shell Guam.    More specifically, Shell Guam committed the following misrepresentations and fraudulent acts:

    a.    Prior to the execution of the First Mangilao Agreement (Exhibit "A"), authorized representatives of Shell Guam including, but not limited to, Randy Sager, Peter Short, and David O'Brien, represented to Ada that he would be granted a dealer franchise to operate the Shell Mangilao Service Station like other existing dealers in Guam at the time, even though such representations were known by the Shell Guam representatives to be false at the time they were made and were made with the intent of inducing Ada into entering into the First Mangilao Agreement;

    b.    Prior to the execution of the First Barrigada Agreement (Exhibit "C"), authorized representatives of Shell Guam including, but not limited to, Marc Pido and Paul

Anthony J. Ada v. Shell Guam, Inc., et al.
Civil Case No. CV00-00012
Third Amended Complaint
Page 8 of 21 pages

Tissot, represented to Ada that he would be granted a dealer franchise to operate

the Shell Barrigada Service Station like other existing dealers in Guam at the time,

even though such representations were known by the Shell Guam representatives

to be false at the time they were made and were made with the intent of inducing

Ada into entering into the First Barrigada Agreement;

c.      Page 1 of the First Mangilao Agreement (Exhibit "A") provides that Ada is being

granted a dealer franchise by Shell Guam under the PMPA. By preparing and

executing the First Mangilao Agreement on February 23, 1993, Shell Guam

authorized representative Peter Short represented to Ada that he was being

granted a dealer franchise under the PMPA to operate the Shell Mangilao Service

Station, even though, unknown to Ada, such representations were knowingly false

and were made with the intent of inducing Ada into entering into the First

Mangilao Agreement. Such statements were fraudulent because, at the time such

statements were made, Shell Guam neither intended nor considered Ada to be a

dealer under the PMPA so as to avoid the attendant duties and obligations Shell

Guam would have to Ada under the PMPA;

d.      Page 1 of the Second Mangilao Agreement (Exhibit "B") provides that Ada is

being granted a dealer franchise by Shell Guam under the PMPA. By preparing

and executing the Second Mangilao Agreement on March 1, 1994, Shell Guam

authorized representative Peter Short represented to Ada that he was being

Anthony J. Ada v. Shell Guam, Inc., et al.
Civil Case No. CV00-00012
Third Amended Complaint
Page 9 of 21 pages

granted a dealer franchise under the PMPA to operate the Shell Mangilao Service Station, even though, unknown to Ada, such representations were knowingly false and were made with the intent of inducing Ada into entering into the Second Mangilao Agreement. Such statements were fraudulent because, at the time such statements were made, Shell Guam neither intended nor considered Ada to be a dealer under the PMPA so as to avoid the attendant duties and obligations Shell Guam would have to Ada under the PMPA;

e.  Page 1 of the First Barrigada Agreement (Exhibit "C") provides that Ada is being granted a dealer franchise by Shell Guam under the PMPA. By preparing and executing the First Barrigada Agreement on February 1, 1995, Shell Guam authorized representative Paul P. Tissot represented to Ada that he was being granted a dealer franchise under the PMPA to operate the Shell Barrigada Service Station, even though, unknown to Ada, such representations were knowingly false and were made with the intent of inducing Ada into entering into the First Barrigada Agreement. Such statements were fraudulent because, at the time such statements were made, Shell Guam neither intended nor considered Ada to be a dealer under the PMPA so as to avoid the attendant duties and obligations Shell Guam would have to Ada under the PMPA;

f.  Page 1 of the Second Barrigada Agreement (Exhibit "D") provides that Ada is being granted a dealer franchise by Shell Guam under the PMPA. By preparing

Anthony J. Ada v. Shell Guam, Inc., et al.
Civil Case No. CV00-00012
Third Amended Complaint
Page 10 of 21 pages

and executing the Second Barrigada Agreement on February 1, 1996, Shell Guam

authorized representative Norman J. King represented to Ada that he was being

granted a dealer franchise under the PMPA to operate the Shell Barrigada Service

Station, even though, unknown to Ada, such representations were knowingly false

and were made with the intent of inducing Ada into entering into the Second

Barrigada Agreement. Such statements were fraudulent because, at the time such

statements were made, Shell Guam neither intended nor considered Ada to be a

dealer under the PMPA so as to avoid the attendant duties and obligations Shell

Guam would have to Ada under the PMPA;

g.      Page 1 of the Second Mangilao Agreement (Exhibit "B") provides that even

though Ada is being granted a "trial" dealer franchise by Shell Guam under the

PMPA, the provisions of §2802 of the PMPA, which limit the right of Shell

Guam to fail or refuse to renew a dealer franchise relationship, are not applicable

to the "trial" dealer franchise granted by Shell Guam. By preparing and executing

the Second Mangilao Agreement on March 1, 1994, Shell Guam authorized

representative Peter Short represented to Ada that even though he was being

granted a "trial" dealer franchise under the PMPA to operate the Shell Mangilao

Service Station, the provisions of §2802 of the PMPA, which limit the right of

Shell Guam to fail or refuse to renew the dealer franchise relationship with Ada,

are not applicable to the "trial" dealer franchise granted by Shell Guam to Ada.

Anthony J. Ada v. Shell Guam, Inc., et al.
Civil Case No. CV00-00012
Third Amended Complaint
Page 11 of 21 pages

Such representations by Shell Guam were knowingly false because they are a misrepresentation of the PMPA which specifically requires that "trial" dealer franchises be limited to one year and Ada had already operated the Shell Mangilao Service Station for more than one year as of the date of execution of the Second Mangilao Agreement thus entitling Ada to all termination rights guaranteed by §2802 of the PMPA;

h.  Page 1 of the First Barrigada Agreement (Exhibit "C") provides that even though Ada is being granted an "interim" dealer franchise by Shell Guam under the PMPA, the provisions of §2802 of the PMPA, which limit the right of Shell Guam to fail or refuse to renew a dealer franchise relationship, are not applicable to the "interim" dealer franchise granted by Shell Guam. By preparing and executing the First Barrigada Agreement on February 1, 1995, Shell Guam authorized representative Paul P. Tissot represented to Ada that even though he was being granted an "interim" dealer franchise under the PMPA to operate the Shell Barrigada Service Station, the provisions of §2802 of the PMPA, which limit the right of Shell Guam to fail or refuse to renew the dealer franchise relationship with Ada, are not applicable to the "interim" dealer franchise granted by Shell Guam to Ada. Such representations by Shell Guam were knowingly false because they are a misrepresentation of the PMPA which specifically requires that "interim" dealer franchises may only be terminated in compliance with certain

Anthony J. Ada v. Shell Guam, Inc., et al.
Civil Case No. CV00-00012
Third Amended Complaint
Page 12 of 21 pages

provisions of §2802 of the PMPA;

i.      Page 1 of the Second Barrigada Agreement (Exhibit "D") provides that even though Ada is being granted a dealer franchise by Shell Guam under the PMPA, the provisions of §2802 of the PMPA, which limit the right of Shell Guam to fail or refuse to renew a dealer franchise relationship, are not applicable to the dealer franchise granted by Shell Guam. By preparing and executing the Second Barrigada Agreement on February 1, 1996, Shell Guam authorized representative Norman J. King represented to Ada that even though he was being granted a dealer franchise under the PMPA to operate the Shell Barrigada Service Station, the provisions of §2802 of the PMPA, which limit the right of Shell Guam to fail or refuse to renew the dealer franchise relationship with Ada, are not applicable to the dealer franchise granted by Shell Guam to Ada. Such representations by Shell Guam were knowingly false because they are a misrepresentation of the PMPA which specifically requires that "trial" dealer franchises be limited to one year and Ada had already operated the Shell Barrigada Service Station for more than one year as of the date of execution of the Second Barrigada Agreement thus entitling Ada to all termination rights guaranteed by §2802 of the PMPA;

j.      Page 1 of the Second Mangilao Agreement (Exhibit "B") provides that Shell Guam is granting Ada a "trial" dealer franchise under the PMPA. By preparing and executing the Second Mangilao Agreement on March 1, 1994, Shell Guam

Anthony J. Ada v. Shell Guam, Inc., et al.
Civil Case No. CV00-00012
Third Amended Complaint
Page 13 of 21 pages

authorized representative Peter Short represented to Ada that he was being

granted a "trial" dealer franchise under the PMPA to operate the Shell Mangilao

Service Station. Such representations by Shell Guam were knowingly false

because they are a misrepresentation of the PMPA which specifically requires that

"trial" dealer franchises be limited to one year and Ada had already operated the

Shell Mangilao Service Station for more than one year as of the date of execution

of the Second Mangilao Agreement thus entitling Ada to all termination rights

guaranteed by §2802 of the PMPA.

Shell Guam's representations, as above-described, were known by it to be false when made or

were made recklessly without knowledge of the truth and were made as positive assertions or

Shell Guam failed to disclose the above alleged material facts which it knew or should have

known Ada's decision to enter into the Franchise Agreements would have been different had

he known. Shell Guam intended that Ada rely to his detriment causing injury to Ada by the false

statements and representations. Ada was fraudulently induced to enter into the Franchise

Agreements with Shell Guam based on the false representations and/or material omissions

alleged above.

26.     As a result of Shell Guam's fraudulent statements and omissions Ada has been

damaged and is entitled to damages proximately resulting therefrom, including costs and

attorneys fees. In addition, Ada is entitled to exemplary or punitive damages in amounts to be

proven at trial because of the oppressive, intentional, and malicious conduct of Shell Guam as

Anthony J. Ada v. Shell Guam, Inc., et al.
Civil Case No. CV00-00012
Third Amended Complaint
Page 14 of 21 pages

above alleged.

## COUNT IV -- INTENTIONAL MISREPRESENTATION

27. Ada realleges all prior allegations in this Complaint and incorporates them herein as if set forth in their entirety.

28. When Shell Guam made the representations described above to Ada concerning the applicability of the PMPA and Ada's rights thereunder, Shell Guam knew the falsity of such representations and made the representations with the intent to induce Ada to enter into the Franchise Agreements.

29. At the time Ada entered into the Franchise Agreements, Ada was ignorant of the falsity of the representations made by Shell Guam and, believing them to be true, relied on such representations in deciding to enter into the Franchise Agreements. Had Ada known that such representations were untrue, he would not have entered into the Franchise Agreements with Shell Guam.

30. As a result of the intentional misrepresentations of Shell Guam above-described, Ada has been damaged in amounts to be proven at trial. In addition, Ada is entitled to exemplary or punitive damages in amounts to be proven at trial because of the oppressive, intentional, and malicious misrepresentations of Shell Guam as above alleged. Additionally, Ada is entitled to his reasonable attorney's fees.

## COUNT V -- NEGLIGENT MISREPRESENTATION

31. Ada realleges all prior allegations in this Complaint and incorporates them herein

**Anthony J. Ada v. Shell Guam, Inc., et al.**
**Civil Case No. CV00-00012**
**Third Amended Complaint**
**Page 15 of 21 pages**

as if set forth in their entirety.

32.     When Shell Guam made the representations alleged above concerning the applicability of the PMPA and Ada's rights under the PMPA Shell Guam had no reasonable ground for believing that the representations were true and made the representations with the intent to induce Ada to enter into the Franchise Agreements.

33.     As a result of the negligent misrepresentations of Shell Guam above-described, Ada has been damaged in amounts to be proven at trial. In addition, Ada is entitled to exemplary or punitive damages in amounts to be proven at trial because of the oppressive, intentional, negligent, and malicious misrepresentations of Shell Guam as above alleged. Additionally, Ada is entitled to his reasonable attorney's fees.

## COUNT VI -- BREACH OF DUTY OF GOOD FAITH

## AND FAIR DEALING

34.     Ada realleges all prior allegations in this Complaint and incorporates them herein as if set forth in their entirety.

35.     An imbalance of bargaining power in Shell Guam's favor is conferred upon Shell Guam by the terms of the Franchise Agreements. Shell Guam owes Ada the common law duty of good faith and fair dealing.

36.     Shell Guam has breached its duty of good faith and fair dealing to Ada as alleged above.

37.     Ada has been damaged by Shell Guam's actions and is entitled to actual damages

Anthony J. Ada v. Shell Guam, Inc., et al.
Civil Case No. CV00-00012
Third Amended Complaint
Page 16 of 21 pages

resulting from the breach in amounts to be proven at trial. Likewise, Ada is entitled to attorney's

fees. Additionally, because these actions were done intentionally, with conscious indifference

to the rights of Ada, and maliciously, Ada is entitled to exemplary or punitive damages in

amounts to be proved at trial.

## COUNT VII

## VIOLATION OF DECEPTIVE TRADE

## PRACTICES-CONSUMER PROTECTION ACT

38.     Ada realleges all prior allegations in this Complaint and incorporates them herein

as if set forth in their entirety.

39.     Shell Guam's intentional acts and practices as alleged above are deceptive trade

practices and acts that violate the Deceptive Trade Practices-Consumer Protection Act, 5 G.C.A.

§§ 32101 et seq., thereby causing harm to Ada. Shell Guam's acts alleged above were committed

knowingly and as a regular business practice of Shell Guam. Ada is entitled to actual damages

for such harm in amounts to be proven at trial. Likewise, Ada is entitled to attorney's fees

pursuant to 5 G.C.A. § 32109. Additionally, because such acts were intentional and malicious,

Ada is entitled to exemplary or punitive damages in amounts to be proven at trial.

## COUNT VIII -- ESTOPPEL

40.     Ada realleges all prior allegations in this Complaint and incorporates them herein

as if set forth in their entirety.

41.     Shell Guam ought not to be heard to deny that Ada is a franchise dealer under

Anthony J. Ada v. Shell Guam, Inc., et al.
Civil Case No. CV00-00012
Third Amended Complaint
Page 17 of 21 pages

the PMPA and that Ada has no rights under the PMPA. As alleged above, Shell Guam represented to Ada that he was being granted a petroleum franchise under the PMPA and Ada believed and relied upon such representations. As a result thereof, Shell Guam ought to be and is now estopped from denying that Ada is a franchise dealer under the PMPA and from asserting that Ada has no rights under the PMPA.

## COUNT IX - BREACH OF CONTRACT

42.     Ada realleges all prior allegations in this Complaint and incorporates them herein as if set forth in their entirety.

43.     Ada has performed all conditions, covenants, and promises required by him on his part to be performed in accordance with the terms and conditions of the Franchise Agreements.

44.     On or about 1995 to the present date Shell Guam breached the Franchise Agreements by unilaterally amending and/or disregarding the terms of the Franchise Agreements, which require Shell to pay Ada a commission on each gallon of gasoline sold at his stations, and instead imposing on Ada a monthly expense reimbursement. Additionally, on or about 2000 to the present date Shell Guam breached the Franchise Agreements by requiring Ada to participate in promotional programs and marketing discounts including those associated with the use of Citibank Visa cards at Shell stations, the Shell Serve program, and the Lucky 7 program, and refusing to pay Ada for implementing such programs or to reimburse Ada for costs incurred by Ada for participating in such programs.

Anthony J. Ada v. Shell Guam, Inc., et al.
Civil Case No. CV00-00012
Third Amended Complaint
Page 18 of 21 pages

45.     By reason of Shell Guam's breaches of the Franchise Agreements as herein alleged, Ada has suffered damages in amounts to be proven at trial.

46.     By the terms of the Franchise Agreements, Ada is entitled to recover his reasonable attorney's fees and all costs incurred in the enforcement of the provisions of the Franchise Agreements. By reason of the aforementioned breaches of Shell Guam, Ada has been forced to secure the services of attorneys to prosecute this lawsuit and expend sums for costs in amounts to be proven at trial.

## PRAYER FOR RELIEF

WHEREFORE, Ada prays for judgment against defendants as follows:

1.     As to Count I, damages in amounts to be proven at trial;

2.     As to Count I, pre- and post-judgment interest on the damages proven at trial at the legal rate until fully paid;

3.     As to Count I, exemplary damages, as authorized by Title 15, Section 2805(d)(1)(B) of the United States Code;

4.     As to Count I, attorneys fees in an amount determined by the Court to be reasonable, as authorized by Title 15, Section 2805(d)(1)(B) of the United States Code;

5.     As to Count II, preliminary and permanent injunctions against defendants, including Shell Guam, enjoining them from terminating, attempting to terminate, or failing to renew the aforesaid Franchise Agreements with Ada;

6.     As to Count III, damages in amounts to be proven at trial;

Anthony J. Ada v. Shell Guam, Inc., et al.
Civil Case No. CV00-00012
Third Amended Complaint
Page 19 of 21 pages

7.     As to Count III, pre- and post-judgment interest on the damages proven at trial at the legal rate until fully paid;

8.     As to Count III, exemplary or punitive damages in amounts proven at trial;

9.     As to Count III, attorneys fees in an amount determined by the Court to be reasonable;

10.    As to Count IV, damages in amounts to be proven at trial;

11.    As to Count IV, pre- and post-judgment interest on the damages proven at trial at the legal rate until fully paid;

12.    As to Count IV, exemplary or punitive damages in amounts proven at trial;

13.    As to Count IV, attorneys fees in an amount determined by the Court to be reasonable;

14.    As to Count V, damages in amounts to be proven at trial;

15.    As to Count V, pre- and post-judgment interest on the damages proven at trial at the legal rate until fully paid;

16.    As to Count V, exemplary or punitive damages in amounts proven at trial;

17.    As to Count V, attorneys fees in an amount determined by the Court to be reasonable;

18.    As to Count VI, damages in amounts to be proven at trial;

19.    As to Count VI, pre- and post-judgment interest on the damages proven at trial at the legal rate until fully paid;

Anthony J. Ada v. Shell Guam, Inc., et al.
Civil Case No. CV00-00012
Third Amended Complaint
Page 20 of 21 pages

20.     As to Count VI, exemplary or punitive damages in amounts proven at trial;

21.     As to Count VI, attorneys fees in an amount determined by the Court to be reasonable;

22.     As to Count VII, damages in amounts to be proven at trial;

23.     As to Count VII, pre- and post-judgment interest on the damages proven at trial at the legal rate until fully paid;

24.     As to Count VII, exemplary or punitive damages in amounts proven at trial;

25.     As to Count VII, attorneys fees pursuant to 5 G.C.A. § 32109;

26.     As to Count VIII, a declaration and order that Shell Guam is estopped from denying that Ada is a franchise dealer under the PMPA and from asserting that Ada has no rights under the PMPA;

27.     As to Count IX, damages in amounts to be proven at trial;

28.     As to Count IX, pre- and post-judgment interest on the damages proven at trial at the legal rate until fully paid;

29.     As to Count IX, attorneys fees in an amount determined by the Court to be reasonable;

30.     As to all Counts, costs incurred in this action; and

31.     Any other and further relief that the Court considers proper even though not requested herein.

        //

**Anthony J. Ada v. Shell Guam, Inc., et al.**
**Civil Case No. CV00-00012**
**Third Amended Complaint**
**Page 21 of 21 pages**

Dated this _____ day of _____, 2005.

LAW OFFICES OF RICHARD A. PIPES
Attorneys for Plaintiff Anthony J. Ada

By: _____

RICHARD A. PIPES

## VERIFICATION

GUAM                  )
                      (ss.:
CITY OF TAMUNING)

     **ANTHONY J. ADA** , being first duly sworn, on oath deposes and says that I am the Plaintiff in the above-entitled matter and that I verify the above Third Amended Complaint, and in so doing state that I have read the same and know the contents of it, and that the same is true of my own knowledge, except as to the matters which are stated in it on information or belief, and as to those matters, I believe them to be true.

_____

**ANTHONY J. ADA**

SUBSCRIBED AND SWORN to before me this _____ day of _____, 2005.

_____

NOTARY PUBLIC       )SEAL(

**RAP/nsh**

# EXHIBIT "B"

JACQUES A. BRONZE, ESQ.
LAW OFFICES OF BRONZE & TANG, P.C.
BankPacific Building, Suite 201
825 South Marine Corps Drive
Tamuning, Guam 96913
Telephone No.: (671) 646-2001
Facsimile No.: (671) 647-7671

RICHARD A. PIPES, ESQ.
LAW OFFICES OF RICHARD A. PIPES
Orlean Pacific Plaza, Suite 201
865 South Marine Corps Drive
Tamuning, Guam 96913
Telephone No.: (671) 646-1222
Facsimile No.: (671) 646-2203

Attorneys for Plaintiff

## IN THE DISTRICT COURT OF GUAM

| | | |
|---|---|---|
| ANTHONY J. ADA, | ) | CIVIL CASE NO. CV00-00012 |
| | ) | |
| Plaintiff, | ) | **DECLARATION OF** |
| | ) | **RICHARD A. PIPES** |
| v. | ) | |
| | ) | |
| SHELL GUAM, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

I, RICHARD A. PIPES, do hereby declare as follows:

1.      I am over the age of eighteen years and competent to make this Declaration. I
have personal knowledge of the matters stated herein and would be competent to testify thereto
if called as a witness to these proceedings. I am co-counsel for Plaintiff Anthony J. Ada ("Ada")
and am an attorney admitted to practice before the District Court of Guam. I make this
Declaration in support of Ada's Motion for Order Granting Leave to File Third Amended

ORIGINAL                                    **EXHIBIT B**

Anthony J. Ada v. Shell Guam, Inc., et al.-Civil Case No. CV00-00012
Declaration of Richard A. Pipes
Page 2 of 3 pages

Complaint ("Motion").

2.     No bad faith or dilatory motive can be shown since the additional cause of action

contained in the proposed Amended Complaint was prompted because Ada recently learned

that it was Shell's position that Ada could not seek some or all of his damages under the Second

Amended Complaint because it did not contain a cause of action for breach of contract. This

information came to Ada during the Settlement Conference conducted before Magistrate Judge

Manibusan on August 5, 2005, and had never been revealed or asserted by Shell before. While

not agreeing with Shell on this point since it is Ada's position that the various damages claimed

by Ada are recoverable under the Petroleum Marketing Practices Act ("PMPA"), 15 U.S.C. §§

2801 et seq. and the other causes of action asserted in the complaint, Ada immediately requested

that Shell stipulate to the limited amendment requested herein in my letters to Shell's counsel

dated August 12 and 13, 2005. By letter of August 18, 2005, counsel for Shell indicated that

Shell would not agree to stipulate to the filing of an amended complaint.

3.     In this case, the proposed amendment relates to the same matters alleged in the

original complaint, namely, how Ada has been damaged throughout his contractual relationship

with Shell through the operation of his stations. The damages calculations relating to these

claims have been provided to Shell in expert witness reports on January 10 and July 7, 2005.

Shell has taken the opportunity to depose Mr. Ada with respect to such claims on July 7, 18, and

27, 2005, and has indicated the intent to take the deposition of Mr. Ada's damages expert in the

near future. Ada has also indicated a willingness, through my letter to counsel dated August 12,

to allow Shell to take additional discovery on the breach of contract claim, even though none

Anthony J. Ada v. Shell Guam, Inc., et al.-Civil Case No. CV00-00012
Declaration of Richard A. Pipes
Page 3 of 3 pages

appears to be necessary. Under these circumstances, there does not appear to be any prejudice to Shell, much less "undue" prejudice.

4.    With respect to undue delay, there should be none. There remains more than two months to trial in this matter with ample opportunity for Shell to prepare for the breach of contract claim, even though such information was long ago provided to Shell and it has already conducted discovery on those issues.

I declare under penalty of perjury under the laws of the United States and Guam that the foregoing is true and correct.

Executed this __23rd__ day of August, 2005.

_____
RICHARD A. PIPES

RAP/nsh