LAW OFFICES OF BRONZE & TANG, P.C.
BankPacific Building, Suite 201
825 South Marine Drive
Tamuning, Guam 96913
Telephone No.: (671) 646-2001
Facsimile No.: (671) 647-7671

RICHARD A. PIPES, ESQ.
LAW OFFICES OF RICHARD A. PIPES
Orlean Pacific Plaza, Suite 201
865 South Marine Corps Drive
Tamuning, Guam 96913
Telephone No.: (671) 646-1222
Facsimile No.: (671) 646-2203

Attorneys for Plaintiff



FILED
DISTRICT COURT OF GUAM
SEP - 1 2005
MARY L.M. MORAN
CLERK OF COURT

IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| ANTHONY J. ADA,<br><br>    Plaintiff,<br><br>  v.<br><br>SHELL GUAM, INC., et al.,<br><br>    Defendants. | CIVIL CASE NO. CV00-00012<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT** |

### I. MATERIAL FACTS.

On or about February 23, 1993, and March 1, 1994, Defendant Shell Guam, Inc. ("Shell") and Plaintiff Anthony J. Ada ("Ada") entered into written petroleum franchise agreements, titled Agency Sales Agreements (the "Mangilao Agreements"), pursuant to which Ada was authorized to use in connection with the sale of motor fuels and lubricants a trademark

ORIGINAL

Anthony J. Ada v. Shell Guam, Inc., et al.
Civil Case No. CV00-00012
Memorandum of Points and Authorities in Support of Motion for Summary Judgment
Page 2 of 12 pages

that is owned and controlled by Shell and to operate the Mangilao Shell service station. *Second Amended Complaint ("SAC"), filed herein May 10, 2002, at ¶¶ 5, 6; Declaration of Anthony J. Ada ("Ada Decl.."), filed concurrently herein and incorporated by this reference.*

On or about February 1, 1995, and February 1, 1996, Shell and Ada entered into a written petroleum franchise agreements, titled Agency Sales Agreements (the "Barrigada Agreements"), pursuant to which Ada was authorized to use in connection with the sale of motor fuels and lubricants a trademark that is owned and controlled by Shell Guam and to operate the Shell Barrigada service station. *SAC, at ¶¶ 8, 9; Ada Decl.*

True and correct copies of the Mangilao and Barrigada Agreements (collectively, the "Agreements") are attached to the Ada Declaration filed herein. Each of the Agreements, with only slight variation, contains an opening paragraph, in bold and capital letters, which states the following:

> "THIS AGREEMENT IS A FRANCHISE UNDER THE PETROLEUM MARKETING PRACTICES ACT ("PMPA"), 15 U.C.C. (sic) 2801 ET SEQ. THE TERM OF THIS FRANCHISE IS FOR A PERIOD OF NOT MORE THAN FIVE YEARS AS STATED IN SCHEDULE 2(A). SHELL MAY FAIL TO RENEW THE FRANCHISE RELATIONSHIP AT THE CONCLUSION OF THE INITIAL TERM BY NOTIFYING AGENT, IN ACCORDANCE WITH THE PROVISIONS OF 2804 OF THE PMPA, OF SHELL'S INTENTION NOT TO RENEW THE FRANCHISE RELATIONSHIP. THE PROVISIONS OF 2802 (sic) OF THE PMPA, LIMITING THE RIGHT OF A FRANCHISOR TO FAIL TO RENEW A FRANCHISE RELATIONSHIP ARE NOT APPLICABLE TO THIS TRIAL FRANCHISE."

Anthony J. Ada v. Shell Guam, Inc., et al.
Civil Case No. CV00-00012
Memorandum of Points and Authorities in Support of Motion for Summary Judgment
Page 3 of 12 pages

(Emphasis in the original.). The language quoted above is substantially the same as that used by Shell in its Dealer Lease and Franchise Agreements for dealers under the PMPA. *Declaration of Richard A. Pipes* ("Pipes Decl."), *concurrently filed and incorporated herein by this reference; Deposition Transcript of Shell Guam, Inc., through designated representative Philip Stalker, Volume 2, July 27, 2005* ("Stalker Depo 2"), *p. 78, l. 17 through p. 81, l. 12* (copies attached to Pipes Decl.). The Agreements were prepared by Shell's attorney, Steven Zamsky. *Stalker Depo 2, p. 93, l. 17-19*. Shell understood that its operations through dealers were regulated and defined by the PMPA. *Id. at p. 78, l. 8-16*.

The Agreements were prepared by Shell counsel and forwarded to Shell management for review. *Id. at p. 82, l. 6-12*. Ada did not have any input on the preparation of the Agreements and Shell understood that Ada was relying upon Shell to prepare the Agreements. Shell is affiliated with the Royal Dutch Shell Company, a large, multinational corporation that has significant experience in the fuel and petroleum industry. Ada reasonably relied upon Shell to prepare Agreements that were appropriate for their relationship and Ada expected that Shell would have specialized knowledge with respect to the petroleum fuel industry. Ada relied upon Shell's knowledge in the fuel industry in preparing the Agreements. Shell never intended to allow Ada to draft any of the Agreements. When each of the Agreements was signed, Shell understood that the terms and conditions in the Agreements would influence Ada's decision about whether or not to sign the Agreements. *Id. at p. 87, l. 21, through p. 89, l. 23, p. 93, l. 6-12*.

Shell never told Ada before he signed any of the Agreements that Shell did not intend

Anthony J. Ada v. Shell Guam, Inc., et al.
Civil Case No. CV00-00012
Memorandum of Points and Authorities in Support of Motion for Summary Judgment
Page 4 of 12 pages

the above-quoted language regarding the PMPA to be effective. At the time the Agreements were presented to Ada, Shell understood that the PMPA provided protections to dealers. *Id. at p. 90, l. 18 through p. 91, l. 15.* Shell understood that when the Agreements were presented to Ada the terms were important in deciding whether or not to sign the Agreements. At the time Ada signed the Agreements, Ada had no reason to know that the PMPA language quoted above was not applicable to him. *Id. at p. 92, l. 15 through p. 93, l.12.*

Notwithstanding the PMPA language quoted above, by a letter dated December 10, 1999, Shell attempted to notify Ada that the alleged "agency" relationship for the operation of the petroleum franchises at the Mangilao Shell and Barrigada Shell service stations would be terminated and not renewed as of February 28, 2000. *SAC, ¶ 13, Exh. "F".* Shell admits that its December 10 letter does not comply with the requirements of the PMPA for termination. *Deposition Transcript of Shell Guam, Inc., through its designated representative James Hammond, Volume 1, June 29, 2005* ("Hammond Depo"), *p. 155, l. 1-13* (copies attached to Pipes Decl.); *Stalker Depo 1, p. 119, l. 9-18.*

Ada filed suit against Shell and obtained a Preliminary Injunction against Shell enjoining Shell from terminating the Agreements with Ada. *Preliminary Injunction, filed herein March 17, 2000.* The Preliminary Injunction incorporated by reference the Court's written decision granting the injunction. *Id.* The Decision and Order issued by the Court granting the injunction concluded that the Agreements between Ada and Shell "clearly define the franchisor to franchisee relationship as being within the protections of the PMPA." *Decision and Order, filed May 4, 2000,*

Anthony J. Ada v. Shell Guam, Inc., et al.
Civil Case No. CV00-00012
Memorandum of Points and Authorities in Support of Motion for Summary Judgment
Page 5 of 12 pages

*a copy of which is attached to the Pipes Decl.* The Decision and Order further states that "(b)ecause the parties agreed to bring the relationship within the PMPA, the Court finds that the PMPA requirements applies (sic) to the agreement." *Id.*

Ada now moves for summary judgment on Count I of the SAC for a determination that Ada was, and is, a franchise dealer under the PMPA, that Shell's attempted termination of Ada's franchises was in violation of the PMPA, on Count VIII of the SAC for a determination that Shell is estopped to deny that Ada is a franchise dealer under the PMPA, and on various affirmative defenses and claims as described herein.

## II. SUMMARY JUDGMENT STANDARDS.

Ada brings his motion pursuant to Rule 56(c) of the Federal of Civil Procedure which provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." A party seeking summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any' which its believes demonstrates the absence of a genuine issue of material fact." *Celotex Corp. vs. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 2558 (1986). This burden "may be discharged by 'showing' — that is, pointing out to the district court — that there is an absence of evidence to support the nonmoving party's case." 477 U.S. at 325, 106

Anthony J. Ada v. Shell Guam, Inc., et al.
Civil Case No. CV00-00012
Memorandum of Points and Authorities in Support of Motion for Summary Judgment
Page 6 of 12 pages

S. Ct. at 2554.

Once this initial burden is met, "the nonmoving party must set forth by affidavit, or as otherwise provided in Rule 56, 'specific facts showing that there is a genuine issue for trial.'" *T.W. Electric Service, Inc. vs. Pacific Elec. Contractors*, 809 F.2d 626, 630 (9th Cir. 1987) (quoting Rule 56 with emphasis added in the Court's opinion). The nonmoving party may not rely on allegations in the pleadings, nor the statement that "it will discredit the moving party's evidence at trial and proceed in the way of evidence to support its claim." Id. Rather, the nonmoving party "must produce at least some 'significant probative evidence tending to support the complaint,'" Id. (quoting *First National Bank vs. Cities Serv. Co.*, 391 U.S. 253, 290, 88 S. Ct. 1575, 1593 (1968), and "there is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Anderson vs. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S. Ct. 2505, 2511 (1986).

Moreover, in light of the facts developed, if the nonmoving party's claim is "implausible", then the nonmoving party must come forward with "more persuasive evidence." *Matsushita vs. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348 (1986). It is clear that the purpose of summary judgment is to weed out weak factual claims.

In *Celotex Corp. vs. Catrett, supra*, the court held that claims must be dismissed if the nonmoving party,

> "after adequate time for discovery and upon motion, fails to make a showing sufficient to establish the existence of an element essential to that parties' case, and on which that party will bear the burden at trial. ... The moving party is 'entitled to judgment

Anthony J. Ada v. Shell Guam, Inc., et al.
Civil Case No. CV00-00012
Memorandum of Points and Authorities in Support of Motion for Summary Judgment
Page 7 of 12 pages

> as a matter of law' because the nonmoving party has failed to make a sufficient showing on an essential element of its case with respect to which it has the burden of proof."

*Celotex Corp.*, *supra* at 322--323.

### III. ADA IS ENTITLED TO SUMMARY JUDGMENT ON COUNT I.

As shown above, the Agreements clearly provide that the relationship between Ada and Shell is that of a franchise under the PMPA. In issuing the preliminary injunction, the Court has earlier determined that the requirements of the PMPA apply to the Agreements between the parties. Notwithstanding the conspicuous PMPA language in the Agreements, Shell issued a purported franchise termination letter to Ada which Shell readily admits is in violation of the requirements of the PMPA. The undisputed material facts provided above show that Ada is entitled to summary judgment on Count I of the SAC as to the liability of Shell for violating the PMPA. The issue of Ada's damages will remain to be determined by the jury.

It can be expected that Shell will argue that the Agreements are ambiguous, which Ada denies, and that it was Shell's mistake to include the PMPA language in the Agreements when Shell meant the relationship to be that of a principal and agent. Unfortunately, these arguments will provide Shell no succor. The doctrine of "contra preferentum" provides that "as between two reasonable and practical constructions of an ambiguous contractual provision . . . . the provision should be construed less favorably to that party which selected the contractual language." *United States v. Seckinger, 397 U.S. 203, 216 (1970).* Guam has also adopted the "contra preferentum" doctrine and codified it as Guam law which provides that "the language

Anthony J. Ada v. Shell Guam, Inc., et al.
Civil Case No. CV00-00012
Memorandum of Points and Authorities in Support of Motion for Summary Judgment
Page 8 of 12 pages

of a contract should be interpreted most strongly against the party who caused the uncertainty to exist". *18 G.C.A. § 87120.*[1]

Shell admits that it was completely responsible for the drafting of the Agreements and that Ada had no input whatsoever in their preparation. Further, Shell admits that Ada reasonably relied upon Shell's known expertise in the fuel industry and that Ada had no reason to believe that the PMPA language in the Agreements did not apply to him when the Agreements were signed. At the time the Agreements were presented to Ada, Shell understood that the PMPA provided protections to dealers and it put the same language in the Agreements regarding the PMPA that it had put into other contracts that it had with other dealers. Under these undisputed facts, any ambiguity in the Agreements must be interpreted against Shell as a matter of law.

## IV. ADA IS ENTITLED TO SUMMARY JUDGMENT AGAINST SHELL ON COUNT VIII.

Ada requests that this Court grant him partial summary judgment on Count VIII of the SAC and that Shell be estopped from denying that Ada is a franchise dealer under the PMPA.

Equitable estoppel, or estoppel *in pais*, precludes a party from pleading or proving an important fact because of something he or she has done or omitted to do. In effect, it prevents the assertion of what would otherwise be an unequivocal right, or precludes what would otherwise be a good defense. *28 Am. Jur. 2d - Estoppel and Waiver §§ 27, 33.* In its last analysis,

---

[1] Significantly, Guam law also provides that "(n)o one can take advantage of his own wrong". *20 G.C.A. § 15109.* However, that is exactly what Shell is trying to do in this case.

Anthony J. Ada v. Shell Guam, Inc., et al.
Civil Case No. CV00-00012
Memorandum of Points and Authorities in Support of Motion for Summary Judgment
Page 9 of 12 pages

the doctrine of equitable estoppel rests on principles of fraud - - either actual fraud involving an attempt to deceive, or constructive fraud resulting from gross negligence or from admissions, declarations, or conduct resulting in prejudice to the other party. *Id. at § 43*. The equitable estoppel doctrine is designed to prevent a miscarriage of justice. *Mobil Oil Guam, Inc. v. Lee*, 2004 Guam 9 at ¶ 24. Guam has codified the doctrine of equitable estoppel in Title 6 G.C.A. § 5106(3), which provides:

> "Specification of Conclusive Presumptions. The following presumptions, and no others, are deemed conclusive: . . . Whenever a party has, by his own declaration, act or omission, intentionally and deliberately led another to believe a particular thing true, and to act upon such belief, he cannot, in any litigation arising out of such declaration, act or omission be permitted to falsify it;"

Under the doctrine of promissory estoppel, a clear and definite promise, which is expected and intended to induce definite action by a promisee, and which does induce that action, is binding, if injustice can be avoided only by enforcing that promise. *28 Am. Jur.2d - Estoppel and Waiver § 55*. Promissory estoppel can be used as the basis of a cause of action for damages. *Id. at § 35*. If, in making a contract, the parties agree on the existence of a particular fact as the basis of their negotiations, they are estopped to deny the fact so long as the contract stands. *31 C.J.S. Estoppel and Waiver § 55*. Where the facts are undisputed, the question of estoppel is one of law. *Id. at § 217*.

Based upon the undisputed facts described above, Ada is entitled to summary judgment estopping Shell from denying that he is a dealer under the PMPA. Shell's conduct in preparing

Anthony J. Ada v. Shell Guam, Inc., et al.
Civil Case No. CV00-00012
Memorandum of Points and Authorities in Support of Motion for Summary Judgment
Page 10 of 12 pages

Agreements, with advice of counsel, which represent to Ada that the relationship between the parties is that of a franchise under the PMPA, yet later denying that any such relationship exists and attempting to terminate the franchises in violation of the very same PMPA provisions which Shell represented to Ada were applicable, is reprehensible. Shell must be estopped from denying that Ada is a franchise dealer under the PMPA.

## V. ADA IS ENTITLED TO SUMMARY JUDGMENT ON SEVERAL OF SHELL'S DEFENSES AND COUNT 6 OF THE COUNTERCLAIM.

As affirmative defenses, Shell has alleged that the PMPA does not apply to the Agreements, that even if the PMPA does apply to the Agreements Shell's termination complied with the PMPA, that Ada was an "agent" and not a franchise dealer, and that at "no point in the relationship with Shell was Ada a franchisee as defined by the PMPA." *First Amended Answer and Counterclaim* ("FAAC"), *filed May 28, 2002, First, Ninth, Twelfth, and Fifteenth Affirmative Defenses.* Count Six of the FAAC alleges that the parties agreed and intended that Ada was an "agent" and the Agreements were not subject to the PMPA. *FAAC, at 16-17.* This Count asks that the Agreements be reformed to delete all references to the PMPA. *Id.*

However, the undisputed facts related above show that Shell intentionally included the PMPA language in the Agreements, with the advice of counsel, for a period of almost five years and never disputed the applicability of the PMPA, and the specific language contained in the Agreements, until disputes with Ada arose. The intent of the parties is clear from the face of the Agreements - - - Ada was granted a franchise under the PMPA. Ada is entitled to summary

Anthony J. Ada v. Shell Guam, Inc., et al.
Civil Case No. CV00-00012
Memorandum of Points and Authorities in Support of Motion for Summary Judgment
Page 11 of 12 pages

judgment on Shell's First, Ninth, Twelfth, and Fifteenth Affirmative Defenses and on Count Six of the FAAC.

## VI. ADA IS ENTITLED TO SUMMARY JUDGMENT ON SEVERAL OF HIS AFFIRMATIVE DEFENSES.

Ada asserts as affirmative defenses to the Shell's various claims in the FAAC that Shell violated the PMPA, Shell's is estopped from asserting its claims, Shell's claims are barred by the doctrine of laches, Shell's claim for reformation is barred because the Agreements were prepared by Shell and its attorneys, and Shell's claim for reformation is barred by reason of its own negligence. *Reply to Counterclaim* ("RTC"), *filed herein June 13, 2002, Third, Fifth, Sixth, Seventh, Sixteenth, and Twenty-Fourth Affirmative Defenses.*

The undisputed facts discussed above show that Shell admits that the December 10, 1999, termination letter is in violation of the PMPA and that Shell intentionally included the PMPA language in the Agreements, with the advice of counsel, for a period of almost five years and never disputed the applicability of the PMPA, and the specific language contained in the Agreements, until disputes with Ada arose. Shell is guilty of laches for waiting more than five years to dispute the PMPA language in the Agreements and, by its own admission, it was negligent in the preparation of the Agreements, assuming that Shell can be believed that it did not intend the relationship with Ada to come with the PMPA. Ada is entitled to summary judgment on his affirmative defenses described above.

//

Anthony J. Ada v. Shell Guam, Inc., et al.
Civil Case No. CV00-00012
Memorandum of Points and Authorities in Support of Motion for Summary Judgment
Page 12 of 12 pages

## V. CONCLUSION.

For the reasons stated herein, this Court should grant summary judgment to Ada on Counts I and VIII of the SAC, on Shell's First, Ninth, Twelfth, and Fifteenth Affirmative Defenses and on Count Six of the FAAC, and on the Third, Fifth, Sixth, Seventh, Sixteenth, and Twenty-Fourth Affirmative Defenses of the RTC, as described herein. Additionally, the Agreements provide that if either party brings any proceeding against the other to enforce the Agreements the prevailing party shall be entitled to recover its reasonable attorney's fees and costs. Accordingly, Ada must be awarded all his reasonable attorney's fees and costs incurred in these proceedings including, without limitation, all costs in connection with the bringing of this Motion.

Dated this 1st day of September, 2005.

                LAW OFFICES OF RICHARD A. PIPES
                Attorneys for Plaintiff

By: _____
      RICHARD A. PIPES

RAP/nsh