LAW OFFICES OF BRONZE & TANG, P.C.
BankPacific Building, Suite 201
825 South Marine Drive
Tamuning, Guam 96913
Telephone No.: (671) 646-2001
Facsimile No.: (671) 647-7671

RICHARD A. PIPES, ESQ.
LAW OFFICES OF RICHARD A. PIPES
Orlean Pacific Plaza, Suite 201
865 South Marine Corps Drive
Tamuning, Guam 96913
Telephone No.: (671) 646-1222
Facsimile No.: (671) 646-2203

Attorneys for Plaintiff

FILED
DISTRICT COURT OF GUAM
SEP 15 2005
MARY L.M. MORAN
CLERK OF COURT

IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| ANTHONY J. ADA,<br><br>Plaintiff,<br><br>v.<br><br>SHELL GUAM, INC., et al.,<br><br>Defendants.<br>________________________<br><br>SHELL GUAM, INC.,<br><br>Counterclaim Plaintiff,<br><br>v.<br><br>ANTHONY J. ADA,<br><br>Counterclaim Defendant.<br>________________________ | CIVIL CASE NO. CV00-00012<br><br>**DECLARATION OF ANTHONY J. ADA IN OPPOSITION SHELL MOTION FOR SUMMARY JUDGMENT** |

I, ANTHONY J. ADA, do hereby declare as follows:

1. I am over the age of eighteen years and competent to make this Declaration. I have

ORIGINAL

personal knowledge of the matters stated herein and would be competent to testify thereto if called as a witness to these proceedings. I am the Plaintiff in this matter.

2. I understand that Shell argues that I could not possibly be subject to the Petroleum Marketing Practices Act ("PMPA") because I do not buy fuel from Shell or set fuel prices. However, there are a number of circumstances which show that I do, in fact, take title the fuel delivered at the stations, have risk associated with the sale of fuel, and I am the person properly licensed to sell the fuel. Whenever I sell fuel at the stations, the money is deposited in my bank accounts, which are mine alone, and commingled with other funds of mine, including those from sales at the convenience store. Funds from station operations are deposited into my accounts and are later remitted, in part, to Shell. With respect to the sale of fuel, I bear the risk for "drive aways", meaning customers who pump gas and drive away without paying, sales of fuel to customers on credit accounts who do not pay or whose checks "bounce", risks associated with credit card sales and the costs incurred by me for such sales, and risks for any discrepancies related to missing fuel. Also, all employees at both of my stations are my employees and I am solely responsible for their hiring, retention, and payment. Since 1993 to the present, I have obtained and maintained the business licenses for both stations for the sale of petroleum products, including motor fuel and oils. Attached hereto as Exhibit "A" are true and correct copies of the business licenses currently issued to me for sale of motor fuel and petroleum products at my stations.

3. Shell has required me to implement a promotional program called "Lucky 7" which provides customers with incentives to purchase fuel from Shell stations. Under the program, a customer is given a stamp for each five gallons of fuel purchased from a Shell service station or, under special promotions, more than one stamp. The customers accumulate stamps on a card and when they

have twenty stamps they are entitled to redeem the card at any Shell station for a seven dollar purchase on gas or convenient store items. The vast majority of redemptions, in excess of 95%, are used for fuel purchases. Shell only reimburses me $5.25 per card for those redemptions and I, therefore, bear the loss of a $1.75 per card. Those losses are in excess of sixty thousand dollars. Shell has claimed that I have to pay for part of the program because it will generate sales at the convenience store, but this has not been the case, as described above. Customers redeeming the Luck 7 cards are just buying gas so the promotion causes me to be damaged.

4. I understand that Shell is arguing that I did not justifiably rely upon the PMPA language in the franchise agreements. However, while I may not have had particular knowledge with respect to the PMPA, I relied upon Shell to draft agreements that were appropriate for our relationship because of their specialized knowledge and experience in the fuel industry. I felt that all the terms and conditions in each of the agreements were important and were to be relied upon by both parties. Had I been aware that Shell was putting language into agreements which it did not intend to comply with, I would never have entered into any such agreements with Shell.

5. I understand that Shell is arguing that my claims under the Deceptive Trade Practices-Consumer Protection Act ("Act") are prohibited by a statute of limitation because I knew since at least February 1, 1996, of Shell's deceptive business practices. This is not true. In fact, I did not become aware that Shell denied the clear and unambiguous PMPA language in the franchise agreements it prepared until I retained counsel in February, 2000, and suit was filed in court. When I signed the agreements, Shell representatives never told me that the bold PMPA language in the agreements was not applicable to me. Shell used the terms "dealer" and "agent" interchangeably in its dealings with me and the other operators. At one point in time, I even won a second place award and $7000.00 from

Shell in the "Dealer of the Year" competition.

6. I understand that Shell is arguing that I am somehow not qualified to make a claim under the Act because I run my own business. I do not have, and have never had, assets of $25,000,000 or more.

7. I understand that Shell is arguing that I cannot be a "consumer" under the Act because all of the products which I sell at my stations are sold on consignment. This is incorrect. All of the items I sell in the convenience stores are on my account alone and I set the prices, except for select promotional items. Further, from the inception of my relationship with Shell in 1993, to the present, I have purchased from Shell all types of motor oil, coolants, 2-cycle oils, grease, de-watering fluids, brake fluids, automatic transmission fluids, hand cleaners, and battery water under the terms of the agreements. I purchase all such products from Shell for my own account and I resell them to the general public at prices I set. Shell's written agreements with me require me to purchase all such lubricating oils from Shell during the terms of the agreements. Under the agreements, "motor fuels" means gasoline, "lubricating oils" means all other lubricating oils, and "petroleum products" means lubricating oils and motor fuels. Under the agreements, I am required to purchase from Shell and maintain a full selection of lubricating oils for sale at my stations.

I declare under penalty of perjury under the laws of the United States and Guam that the foregoing is true and correct.

Executed this 15th day of September, 2005.

Anthony J. Ada 15 SEP 2005

ANTHONY J. ADA

# EXHIBIT “A”

DEPARTMENT OF REVENUE AND TAXATION
GOVERNMENT OF GUAM
P.O. Box 23607
G.M.F. Barrigada, Guam 96921

# BUSINESS LICENSE

SRL NO: 0635367

R

Sole Proprietorship
Retail

EXPIRES: JUNE 30, 2006
ACCOUNT NO. 30-000083593-003

| | | |
|---|---|---|
| FEE | 40 | 00 |
| PENALTY | | 00 |
| TOTAL FEE | 40 | 00 |

ISSUED TO: ADA ANTHONY J.

DOING BUSINESS AS: SHELL BARRIGADA SERVICE STATION

TYPE OF LICENSE: SALE OF PETROLEUM PRODUCTS TIRES
LUBRICATION & AUTO CARE ACCESSORIES

BUSINESS LOCATION: (LOT / BLOCK / MUNICIPALITY) LOT 1143 TOTO BARRIGADA GUAM

PAID
JUN 28 2005

MAILING ADDRESS: 766 WEST ROUTE 8
BARRIGADA GUAM
ZIP: 96913

TREASURER OF GUAM
CASHIER
#7

TELEPHONE: HOME BUSINESS 477-6179

6/28/05

AUTHORITY: TITLE XVII GOV'T CODE OF GUAM LICENSE MUST BE PRODUCED UPON DEMAND TO ANY AUTHORIZED GOV'T OFFICIAL. KEEP POSTED IN A CONSPICUOUS PLACE.

ARTEMIO B. ILAGAN
DIRECTOR OF REVENUE AND TAXATION

EXHIBIT A




DEPARTMENT OF REVENUE AND TAXATION
GOVERNMENT OF GUAM
P.O. Box 23607
G.M.F. Barrigada, Guam 96921

# BUSINESS LICENSE

SRL NO: 0635368

R

Sole Proprietorship — Retail

EXPIRES: JUNE 30, 2006

ACCOUNT NO. 30-000093593-002

| | |
|---|---|
| FEE | 40.00 |
| PENALTY | 00 |
| TOTAL FEE | 40.00 |

ISSUED TO: ADA, ANTHONY J.

DOING BUSINESS AS: SHELL MANGILAO

TYPE OF LICENSE: SALE OF PETROLEUM PRODUCTS

BUSINESS LOCATION: (LOT / BLOCK MUNICIPALITY) LOT 5370-2-3-1-NEW MANGILAO GUAM

MAILING ADDRESS: P O BOX 4478
HAGATNA, GUAM
ZIP: 96932

TELEPHONE: HOME BUSINESS 734-5866

PAID
JUN 28 2005
TREASURER OF GUAM
CASHIER
#7

6/28/05

AUTHORITY: TITLE XVII, GOV'T CODE OF GUAM LICENSE MUST BE PRODUCED UPON DEMAND TO ANY AUTHORIZED GOV'T OFFICIAL.
KEEP POSTED IN A CONSPICUOUS PLACE.

Artemio B. Ilagan
ARTEMIO B. ILAGAN
DIRECTOR OF REVENUE AND TAXATION