LAW OFFICES OF BRONZE & TANG, P.C.
BankPacific Building, Suite 201
825 South Marine Drive
Tamuning, Guam 96913
Telephone No.: (671) 646-2001
Facsimile No.: (671) 647-7671

RICHARD A. PIPES, ESQ.
LAW OFFICES OF RICHARD A. PIPES
Orlean Pacific Plaza, Suite 201
865 South Marine Corps Drive
Tamuning, Guam 96913
Telephone No.: (671) 646-1222
Facsimile No.: (671) 646-2203

Attorneys for Plaintiff

FILED
DISTRICT COURT OF GUAM
SEP 28 2005
MARY L.M. MORAN
CLERK OF COURT

IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| ANTHONY J. ADA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> SHELL GUAM, INC., et al., ) <br> ) <br> Defendants. ) <br>_____ ) <br> ) <br> SHELL GUAM, INC., ) <br> ) <br> Counterclaim ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ANTHONY J. ADA, ) <br> ) <br> Counterclaim ) <br> Defendant. ) <br>_____ ) | CIVIL CASE NO. CV00-00012 <br><br><br><br> **APPLICATION FOR LEAVE TO EXCEED PAGE LIMIT** |

ORIGINAL

the Reply or the Opposition nor did Shell counsel make any request to exceed the page limits in their memoranda or to file supplemental memoranda. *Id.*

Ada requests the Court to grant him leave to exceed the page limit for the Reply and the Opposition. The cross-motions for summary judgment filed by Ada and Shell relate to the Second Amended Complaint filed May 10, 2002, which contains claims for violations of the Petroleum Marketing Practices Act ("PMPA"), 15 U.S.C. §§ 2801, et seq., fraudulent inducement, intentional misrepresentation, negligent misrepresentation, breach of the duty of good faith and fair dealing, violations of Guam's Deceptive Trade Practices-Consumer Protection Act ("DTPCPA"), 5 G.C.A. §§ 32101, et seq., and estoppel. The claims are relatively complex and involve a fact pattern that has extended from 1993 to 2005. In response to Ada's Motion for Summary Judgment, Shell's opposition memorandum cited to 25 cases and raised technical arguments under the PMPA, contract principles, and estoppel. In order to fully address the necessary issues and arguments raised by both parties, Ada needs to exceed the page limit imposed by Local Rule 7.1(g). *Pipes Decl. at ¶ 5.*

Courts should exercise their discretion to grant leave to exceed page limits when good cause is shown. Under the appropriate circumstances, motions to exceed page limits will be granted. *See, e.g., International Dealers School, Inc. v. Riley, 840 F. Supp. 748, 751 (D. Nev. 1993).* Disregarding or striking a memorandum is a drastic remedy which the court will apply only if the objecting party shows prejudice from the failure to strike. *Weilert v. Health Midwest Devel. Group. 95 F. Supp. 2d 1190, 1192-3 (D. Kan. 2000).* In this case, Shell has not shown prejudice and Ada has shown good cause for granting leave to exceed the page limit imposed under Local Rule 7.1(g).

//

//

Ada respectfully requests that this Court grant him leave to exceed the page limit in his Reply and Opposition as filed with this Court.

Dated this 28th day of September 2005.

LAW OFFICES OF RICHARD A. PIPES<br>
Attorneys for Plaintiff

By: _____<br>
RICHARD A. PIPES

RAP/fdm