LAW OFFICES OF BRONZE & TANG, P.C.
BankPacific Building, Suite 201
825 South Marine Drive
Tamuning, Guam 96913
Telephone No.: (671) 646-2001
Facsimile No.: (671) 647-7671

RICHARD A. PIPES, ESQ.
LAW OFFICES OF RICHARD A. PIPES
Orlean Pacific Plaza, Suite 201
865 South Marine Corps Drive
Tamuning, Guam 96913
Telephone No.: (671) 646-1222
Facsimile No.: (671) 646-2203

Attorneys for Plaintiff

FILED
DISTRICT COURT OF GUAM
SEP 28 2005
MARY L.M. MORAN
CLERK OF COURT

IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| ANTHONY J. ADA,<br><br>        Plaintiff,<br><br>v.<br><br>SHELL GUAM, INC., et al.,<br><br>        Defendants.<br><br>SHELL GUAM, INC.,<br><br>        Counterclaim Plaintiff,<br><br>v.<br><br>ANTHONY J. ADA,<br><br>        Counterclaim Defendant. | CIVIL CASE NO. CV00-00012<br><br><br><br><br><br><br><br>**DECLARATION OF RICHARD A. PIPES IN SUPPORT OF APPLICATION FOR LEAVE TO EXCEED PAGE LIMIT** |

I, RICHARD A. PIPES, do hereby declare as follows:

1.    I am over the age of eighteen years and competent to make this Declaration. I have

**ORIGINAL**

Anthony J. Ada v. Shell Guam, Inc., et al.-Civil Case No. CV00-00012
Declaration of Richard A. Pipes in Support of Application for Leave to Exceed Page Limit
Page 2 of 3 pages

personal knowledge of the matters stated herein and would be competent to testify thereto if called as a witness to these proceedings. I make this Declaration in support of Ada's Application for Leave to Exceed Page Limit ("Application").

2. Defendant Shell Guam, Inc. ("Shell") filed an Objection to Ada's Reply Brief ("Objection") on September 27, 2005, which objects to Plaintiff Anthony J. Ada's ("Ada's") Reply Memorandum ("Reply") filed herein on September 22, 2005, because it exceeds the page limit under the Local Rules. Shell requests that the Court disregard any matter beyond page 10 in the Reply or require Ada to file a Reply which conforms to Local Rule 7.1(g).

3. Shell is correct in asserting that the Reply exceeds the page limit under the Local Rules. However, the violation of the Local Rule was unintentional and there exists good cause for granting leave to Ada to exceed the page limit.

4. I was under the mistaken belief that the page limit under the Local Rules for the District Court of Guam for memoranda supporting or opposing motions was 25 pages. While such a mistake does not amount to an excuse, it does provide an explanation why the page limit was exceeded and no earlier request for leave to exceed the limit was made to the Court. Had I earlier learned that my belief was mistaken, I would have requested leave to exceed the page limit before filing the memoranda of which Shell is complaining. I do not regularly practice in this Court and this is the only case I am presently handling in this Court. Again, this does not provide an excuse for my failure to know the page limit for motion practice, but it does negate any implication that violation of the Local Rules by me was wilful. Both the Reply and Ada's Opposition to Shell's Motion for Summary Judgment ("Opposition") filed September 15, 2005, are less than 25 pages, which is consistent with my mistaken belief as to the page limit. As soon as the page limit problem was brought to my attention in Shell's Objection, I made application to this Court for leave to exceed the page limits. Before filing the

Anthony J. Ada v. Shell Guam, Inc., et al.-Civil Case No. CV00-00012
Declaration of Richard A. Pipes in Support of Application for Leave to Exceed Page Limit
Page 3 of 3 pages

Objection, Shell counsel never communicated to me any problem with the page limits of the Reply or the Opposition nor did Shell counsel make any request to exceed the page limits in their memoranda or to file supplemental memoranda.

5. The cross-motions for summary judgment filed by Ada and Shell relate to the Second Amended Complaint filed May 10, 2002, which contains claims for violations of the Petroleum Marketing Practices Act ("PMPA"), 15 U.S.C. §§ 2801, et seq., fraudulent inducement, intentional misrepresentation, negligent misrepresentation, breach of the duty of good faith and fair dealing, violations of Guam's Deceptive Trade Practices-Consumer Protection Act ("DTPCPA"), 5 G.C.A. §§ 32101, et seq., and estoppel. The claims are relatively complex and involve a fact pattern that has extended from 1993 to 2005. In response to Ada's Motion for Summary Judgment, Shell cited to 25 cases and raised technical arguments under the PMPA, contract principles, and estoppel. In order to fully address the necessary issues and arguments raised by both parties, Ada needs to exceed the page limit imposed by Local Rule 7.1(g).

I declare under penalty of perjury under the laws of the United States and Guam that the foregoing is true and correct.

Executed this 28th day of September, 2005.

_____
RICHARD A. PIPES

RAP/nsh