LAW OFFICES OF BRONZE & TANG, P.C.
BankPacific Building, Suite 201
825 South Marine Drive
Tamuning, Guam 96913
Telephone No.: (671) 646-2001
Facsimile No.: (671) 647-7671

RICHARD A. PIPES, ESQ.
LAW OFFICES OF RICHARD A. PIPES
Orlean Pacific Plaza, Suite 201
865 South Marine Corps Drive
Tamuning, Guam 96913
Telephone No.: (671) 646-1222
Facsimile No.: (671) 646-2203

Attorneys for Plaintiff

FILED
DISTRICT COURT OF GUAM
SEP 29 2005
MARY L.M. MORAN
CLERK OF COURT

### IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| ANTHONY J. ADA, <br><br> Plaintiff, <br><br> v. <br><br> SHELL GUAM, INC., et al., <br><br> Defendants. <br><br>———————————————— <br><br> SHELL GUAM, INC., <br><br> Counterclaim Plaintiff, <br><br> v. <br><br> ANTHONY J. ADA, <br><br> Counterclaim Defendant. | CIVIL CASE NO. CV00-00012 <br><br><br><br><br><br><br><br> **DECLARATION OF ANTHONY J. ADA IN OPPOSITION TO SHELL MOTION FOR SUMMARY JUDGMENT** |

I, ANTHONY J. ADA, do hereby declare as follows:

1.     I am over the age of eighteen years and competent to make this Declaration. I have

ORIGINAL

Anthony J. Ada v. Shell Guam, Inc.
Civil Case No. CV00-00012
Declaration of Anthony J. Ada in Opposition to Shell Motion for Summary Judgment
Page 2 of 3 pages

personal knowledge of the matters stated herein and would be competent to testify thereto if called as a witness to these proceedings. I am the Plaintiff in this matter.

2.  I understand that Philip Stalker ("Stalker"), President and Finance Director of Defendant Shell Guam, Inc. ("Shell"), has filed a Declaration on September 22, 2005, in which he claims that Shell does not require me to accept check payments or to extend credit for the sale of fuel. These statements are incorrect. From the very beginning of my relationship with Shell, Shell representatives specifically told me that all stations had "accepted modes of payment" for fuel which included cash, the Shell card, credit cards, and personal checks. Shell also encouraged me to set up my own accounts for customers to charge gas, for which I would be completely responsible for collection. With respect to personal checks for fuel sales, Shell requires me to take the risk for any funds not collected or checks returned as insufficient or unpaid. Shell requires me to pay for such gas even if I never collect on the personal check. With respect to the sale of fuel purchased by credit card, Shell requires me to assume the risk and cost of all such charges, including all charges imposed by the bank or credit card company associated with the use of such cards at my gas stations.

3.  In his Declaration, Stalker also argues that I have "no risk at all" under the Shell card program and "virtually no responsibility over any losses attributable to Shell card payments". These statements are also incorrect. If an attendant at one of my gas stations accepts a Shell card for the purchase of gas which is invalid, suspended, or not accepted by Shell for any reason, then I bear the risk and am completely responsible for paying for any such fuel charged. It is incorrect for Stalker to say that I bear no risk for implementing a charge card program which Shell demands that I accept for the payment of fuel.

4.  Finally, in his Declaration, Stalker claims, under penalty of perjury, that my participation

Anthony J. Ada v. Shell Guam, Inc.
Civil Case No. CV00-00012
Declaration of Anthony J. Ada in Opposition to Shell Motion for Summary Judgment
Page 3 of 3 pages

in Shell's Lucky 7 program "is completely voluntary". First, this statement by Stalker completely contradicts another sworn statement made by him in which he asserts that I am in breach of the franchise agreements because I failed to comply with Shell's "repeated demands" that I comply with the Lucky 7 program, which Shell was entitled to instruct me to follow under the terms of the applicable agreements. These statements are made in paragraphs 36, 37, 47, and 48 of the Counterclaim filed by Shell in this case on May 28, 2002, which was "verified" by Stalker. Second, from the inception of the Lucky 7 program in March, 2002, Shell representatives made it clear to me that all operators were expected to participate in the program and, when I initially resisted, Shell filed the Counterclaim against me claiming that I had breached the franchise agreements by refusing to participate. Because of the Counterclaim, I relented and began participating in the program which has caused me to incur significant losses that I discussed in my Declaration filed September 15, 2005. Also, Stalker claims in his Declaration that the Lucky 7 program is designed to "benefit the C-store sales". This is incorrect. As Stalker knows, the Lucky 7 program has never increased sales at my convenience stores. Almost all customers redeem the cards for fuel instead of buying something at the stores and, since I am required by Shell to pay it $1.75 for every card redeemed, I am actually subsidizing fuel sales for Shell and assuming the risk of all such redemptions.

I declare under penalty of perjury under the laws of the United States and Guam that the foregoing is true and correct.

Executed this 29 day of September, 2005.

_____
ANTHONY J. ADA

RAP/nsh