FILED
DISTRICT COURT OF GUAM
OCT - 6 2005
MARY L.M. MORAN
CLERK OF COURT

UNITED STATES DISTRICT COURT

DISTRICT OF GUAM

ANTHONY J. ADA,

    Plaintiff,

v.

SHELL GUAM, INC.,

    Defendant.

Case No. CV-00-00012

**ORDER**

Pursuant to certain agreements between the plaintiff, Anthony J. Ada, and the defendant, Shell Guam, Inc., Ada operated two gas stations and convenience stores for Shell. After Shell informed Ada of its intent to terminate the agreements, Ada brought this lawsuit. Shell now moves summary judgment as to each of Ada's claims (#152),. Ada moves for partial summary judgment (#148) as to Shell's liability on his first claim on the basis that he is a franchise dealer under the Petroleum Marketing Practices Act (PMPA), and that the attempted termination of the agreements violated the PMPA. Ada also seeks summary adjudication of Count VIII, in which he seeks to estop Shell from denying that he is a franchise dealer under the PMPA.

Standard for Summary Judgment

A district court must grant summary judgment, pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, "if the pleadings, depositions, answers to interrogatories, and admissions on file,

together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." The burden rests on the moving party to demonstrate the absence of any genuine issue of material fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986). The moving party "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any' which it believes demonstrates the absence of a genuine issue of material fact." *Celotex Corp. V. Catrett*, 477 U.S. 317, 323 (1986). When the burden at trial rests on the non-moving party, the moving party may meet its burden by pointing out the absence of any evidence that would create a genuine issue. *Musick v. Burke*, 913 F.2d 1390, 1394 (9th Cir. 1990). Once the moving party has met its burden, the non-moving party must set forth evidence, that is, specific facts, that show there is a genuine dispute as to a material fact that may only be resolved by the ultimate fact-finder.

In considering a motion for summary judgment, the district court does not weigh the evidence to determine the truth of disputed matters. *Anderson*, 477 U.S. at 249. Rather, the district court construes the evidence and draws all reasonable inferences in the light most favorable to the non-moving party. *Id.*

Background

In February 1993, Ada and Shell signed a document drafted by Shell entitled "Agency Sales Agreement." Pursuant to this one year agreement, Ada operated Shell's service station and convenience store in Mangilao, Guam. In March 1994, the parties signed another agreement, again prepared by Shell, providing that Ada would operate the Mangilao station for a term of five years. Using language similar to the initial one-year agreement, the first paragraph of the five-year Mangilao agreement provided:

> **THIS AGREEMENT IS A TRIAL FRANCHISE UNDER THE PETROLEUM MARKETING PRACTICES ACT ("PMPA"), 15 U.S.C. 2801 ET SEQ. THE INITIAL TERM OF THIS FRANCHISE IS FOR A PERIOD OF NOT MORE THAN FIVE YEARS BEGINNING MARCH 1, 1994 AND ENDING FEBRUARY 28, 1999. SHELL MAY FAIL TO RENEW THE FRANCHISE**

**RELATIONSHIP AT THE CONCLUSION OF THE INITIAL TERM BY NOTIFYING AGENT, IN ACCORDANCE WITH THE PROVISIONS OF 2804 OF THE PMPA, OF SHELL'S INTENTION NOT TO RENEW THE FRANCHISE RELATIONSHIP. THE PROVISIONS OF 2802 OF THE PMPA, LIMITING THE RIGHT OF A FRANCHISOR TO FAIL TO RENEW A FRANCHISE RELATIONSHIP ARE NOT APPLICABLE TO THIS TRIAL FRANCHISE.**

In February 1995, Ada and Shell signed a one year agreement, drafted by Shell, entitled "Agency Sales Agreement." Pursuant to this contract, Ada operated Shell's service station and convenience store in Barrigada, Guam. In 1996, Ada and Shell signed a five-year agreement regarding Ada's operation of the Barrigada service station, which agreement was also drafted by Shell. Again, using language similar to the initial one-year agreement, the first paragraph of the five-year Barrigada agreement provided:

> **THIS AGREEMENT IS A FRANCHISE UNDER THE PETROLEUM MARKETING PRACTICES ACT ("PMPA"), 15 U.S.C. 2801 ET SEQ. THE TERM OF THIS FRANCHISE IS FOR A PERIOD OF NOT MORE THAN FIVE YEARS AS STATED IN SCHEDULE 2(A). SHELL MAY FAIL TO RENEW THE FRANCHISE RELATIONSHIP AT THE CONCLUSION OF THE INITIAL TERM BY NOTIFYING AGENT, IN ACCORDANCE WITH THE PROVISIONS OF 2804 OF THE PMPA, OF SHELL'S INTENTION NOT TO RENEW THE FRANCHISE RELATIONSHIP. THE PROVISIONS OF 2802 OF THE PMPA, LIMITING THE RIGHT OF A FRANCHISOR TO FAIL TO RENEW A FRANCHISE RELATIONSHIP ARE NOT APPLICABLE TO THIS TRIAL FRANCHISE.**

The agreements initially provided that Ada would receive a commission determined based upon a cents-per-gallon model. In March 1996, the parties modified payment provision by a signed writing, such that Ada would instead receive a management fee plus reimbursement for expenses.

In January 1999, Shell orally informed Ada that it did not intend to renew the Mangilao agreement, which had an ending date of February 28, 1999. In March 1999, the parties agreed to extend Ada's performance of services at the Mangilao station from February 28, 1999, until February 29, 2000. In the same agreement, Ada and Shell agreed to shorten Ada's performance of services at the Barrigada station from January 31, 2001, to February 29, 2000.

3

On November 22, 1999, Ada sent Shell a letter indicating his interest to continue his contracts for both the Mangilao and Barrigada stations. Shell responded, on December 10, 1999, that the agency agreements would expire on February 28, 2000, and that Shell would not exercise its option to renew the agreements. Shell has acknowledged that its December 10, 1999, letter to Ada did not comply with the requirements of the PMPA regarding the termination of a franchise.

<u>Whether Ada is a Retailer as Defined by the PMPA</u>

Shell seeks summary judgment as to Counts I & II of Ada's Second Amended Complaint on the basis that Ada has alleged only statutory claims under the PMPA, even though he cannot bring such statutory claims because he is not a retailer. Shell argues that whether the PMPA governs its relationship with Ada is determined by those terms of the contracts that establish that Ada is not a retailer (as defined by the PMPA), and *not* by the bare recitation in the first sentences of each agreement that state, in bold, capital typeface, that the agreements are franchises under the PMPA.

The court agrees that statutory coverage of the PMPA results from the parties entering into an agreement that meets the definition of a franchise set forth in the PMPA. A bare recitation that an agreement is a franchise under the PMPA is ineffective to establish statutory coverage if the remaining terms of the agreement establish that the contract is not a franchise under the PMPA. As relevant to this action, the PMPA governs franchises; that is, contracts between a refiner or distributor and a retailer in which the retailer is authorized to use the refiner's trademark in connection with the sale of motor fuel. The PMPA defines a retailer as "any person who purchases motor fuel for sale to the general public for ultimate consumption." 15 U.S.C. 2801(7). Regardless of how broadly the court construes this definition, Ada is not a purchaser of motor fuel from Shell for sale to the general public. In *Farm Stores, Inc. v. Texaco, Inc.*, 763 F.2d 1335, (1985), the 11th Circuit looked to many factors to make this determination, including whether the plaintiff paid for and took title the gasoline sold at the station it operated; paid any *ad valorem* or sales taxes on the gasoline; bore the risk of loss of gasoline; retained any funds from the sale of gasoline; set the price for the gasoline; assumed the market risk for fluctuations in gas price; extended credit to motorists on

resale; and held a gasoline retailers business license. Ada has shown, at most, that he obtained the business license to operate the service stations and that he extended credit to motorists. By contrast, Shell has established that, as the operator of the stations, Ada never paid for or took title to any gasoline sold at the stations, never paid the taxes on the gasoline sold, never retained funds from the gas sold, never set the price, and never assumed the market risk for fluctuations in the price of the gas. In considering the factors outlined in *Farm Stores*, the court finds as a matter of law that Ada did not "purchase" motor fuel from Shell.

The determination that Ada is not a retailer entitles Shell to summary judgment on the first two counts *only* to the extent that those claims allege PMPA claims. Further, Shell is also entitled to summary judgment on Ada's eighth claim, for estoppel, which arises solely from his allegation that he is entitled to statutory coverage. That Ada is not a retailer also requires that the court deny his motion for partial summary judgment, which is also based on his assertion that he is entitled to statutory coverage under the PMPA.

However, construed broadly, Ada's first two counts also allege contractual claims. While Shell and Ada may not have entered into a franchise relationship as defined by the PMPA, an issue remains whether Shell nevertheless agreed, in the contracts that it drafted, to be bound by the PMPA in its dealings with Ada.[1] Thus, summary judgment is not appropriate in favor of Shell on either Ada's first two counts to the extent those claims seek a contractual, rather than a statutory, remedy, and as to Ada's sixth claim for breach of the covenant of good faith and fair dealing.

Fraudulent Inducement, Intentional and Negligent Misrepresentation. Each of these claims requires that Ada establish that he justifiably relied on the alleged misrepresentations made by Shell. In his opposition to Shell's motion for summary judgment, Ada asserts only that he relied on Shell to

---

[1]  Although Ada cannot *maintain* his statutory claim under the PMPA, he sufficiently *alleged* a statutory claim to establish this court's jurisdiction over his federal question claims, and to establish supplemental jurisdiction over his territorial law claims. Given that trial is scheduled in the near future in this matter, the court will exercise its discretion to continue the supplemental jurisdiction over the territorial claims.

5

prepare agreements with appropriate language to govern the relationship of the parties. Ada's asserted reliance on Shell to draft the agreements does not constitute justifiable reliance as to the alleged misrepresentations made by Shell. Accordingly, summary judgment is appropriate in favor of Shell as to these three claims.

<u>Guam Consumer Protection Act</u>. Ada asserts that he is a "business consumer," as defined by Guam's Deceptive Trade Practices - Consumer Protection Act, 5 G.C.A. §32101, *et seq.*, in regards to both motor fuel and "lubricating oils" that he is required to purchase from Shell. The Consumer Protection Act defines a "consumer" as "any individual who seeks or acquires *by purchase or lease*, any goods or services for commercial or business use." As discussed previously, Ada cannot show that he purchased motor fuel from Shell.

Although Ada can establish that he purchased lubricating oils from Shell, he has alleged at most that he purchased those products pursuant to the agreements that are the subject of Shell's false, misleading, and deceptive practices. Those alleged false, misleading, and deceptive practices, however, concern the parties relationship under the PMPA. That is, the alleged falsity concerns the parties relationship regarding motor fuels, not lubricating oils. Accordingly, summary judgment is appropriate in favor of Shell as to Ada's seventh claim for relief.

Therefore, for good cause shown,

THE COURT **ORDERS** that Anthony J. Ada's Application for Leave to Exceed Page Limit is GRANTED;

THE COURT **FURTHER ORDERS** that Anthony J. Ada's Motion for Summary Judgment is DENIED;

THE COURT **FURTHER ORDERS** that Shell Guam, Inc.'s Motion for Summary Judgment is GRANTED as to Counts III, IV, V, VII, and VIII of the Second Amended Complaint; is GRANTED as to Counts I and II of the Second Amended Complaint to the extent such counts allege a statutory claim under the Petroleum Marketing Practices Act; and is DENIED as to Counts I and II

of the Second Amended Complaint to the extent such counts allege contractual claims; and is DENIED as to Count VI.

Dated this 6 day of October, 2005

Lloyd D. George
United States District Judge*

---

\*    Sitting by designation.