LAW OFFICES OF BRONZE & TANG, P.C.
Suite 107-C, 138 East Marine Corps Drive
Hagatna, Guam 96910
Telephone No.: (671) 477-2392
Facsimile No.: (671) 477-2394

RICHARD A. PIPES, ESQ.
LAW OFFICES OF RICHARD A. PIPES
Orlean Pacific Plaza, Suite 201
865 South Marine Corps Drive
Tamuning, Guam 96913
Telephone No.: (671) 646-1222
Facsimile No.: (671) 646-2203

Attorneys for Plaintiff

FILED
DISTRICT COURT OF GUAM
OCT 21 2005
MARY L.M. MORAN
CLERK OF COURT

IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| ANTHONY J. ADA,<br><br>                Plaintiff,<br><br>v.<br><br>SHELL GUAM, INC., et al.,<br><br>                Defendants.<br><br>SHELL GUAM, INC.,<br><br>                Counterclaim Plaintiff,<br><br>v.<br><br>ANTHONY J. ADA,<br><br>                Counterclaim Defendant. | CIVIL CASE NO. CV00-00012<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO RECONSIDER ORDER GRANTING PARTIAL SUMMARY JUDGMENT TO DEFENDANT SHELL GUAM, INC.** |

**ORIGINAL**

Anthony J. Ada v. Shell Guam, Inc., et al.
Civil Case No. CV00-00012
Memorandum of Points and Authorities in Support of Motion to Reconsider Order Granting Partial Summary Judgment
to Defendant Shell Guam, Inc.
Page 2 of 13 pages

## I. BACKGROUND.

On or about February 23, 1993, and March 1, 1994, Defendant Shell Guam, Inc. ("Shell") and Plaintiff Anthony J. Ada ("Ada") entered into written petroleum franchise agreements, titled Agency Sales Agreements (the "Mangilao Agreements"), pursuant to which Ada was authorized to use in connection with the sale of motor fuels and lubricants a trademark that is owned and controlled by Shell and to operate the Mangilao Shell service station. *Second Amended Complaint ("SAC"), filed herein May 10, 2002, at* ¶¶ *5, 6; Declaration of Anthony J. Ada ("Ada Decl.."),, filed September 1, 2005.*

On or about February 1, 1995, and February 1, 1996, Shell and Ada entered into a written petroleum franchise agreements, titled Agency Sales Agreements (the "Barrigada Agreements"), pursuant to which Ada was authorized to use in connection with the sale of motor fuels and lubricants a trademark that is owned and controlled by Shell Guam and to operate the Shell Barrigada service station. *SAC, at* ¶¶ *8, 9; Ada Decl.*

The Mangilao and Barrigada Agreements are collectively refereed to herein as the "Agreements". Each of the Agreements, with only slight variation, contains an opening paragraph, in bold and capital letters, which states the following:

> "**THIS AGREEMENT IS A FRANCHISE UNDER THE PETROLEUM MARKETING PRACTICES ACT ("PMPA"), 15 U.C.C. (sic) 2801 ET SEQ. THE TERM OF THIS FRANCHISE IS FOR A PERIOD OF NOT MORE THAN FIVE YEARS AS STATED IN SCHEDULE 2(A). SHELL MAY FAIL TO RENEW THE FRANCHISE RELATIONSHIP AT THE CONCLUSION OF THE**

Anthony J. Ada v. Shell Guam, Inc., et al.
Civil Case No. CV00-00012
Memorandum of Points and Authorities in Support of Motion to Reconsider Order Granting Partial Summary Judgment
to Defendant Shell Guam, Inc.
Page 3 of 13 pages

> **INITIAL TERM BY NOTIFYING AGENT, IN ACCORDANCE WITH THE PROVISIONS OF 2804 OF THE PMPA, OF SHELL'S INTENTION NOT TO RENEW THE FRANCHISE RELATIONSHIP. THE PROVISIONS OF 2802 (sic) OF THE PMPA, LIMITING THE RIGHT OF A FRANCHISOR TO FAIL TO RENEW A FRANCHISE RELATIONSHIP ARE NOT APPLICABLE TO THIS TRIAL FRANCHISE."**

(Emphasis in the original.). The language quoted above is substantially the same as that used by Shell in its Dealer Lease and Franchise Agreements for dealers under the PMPA. *Declaration of Richard A. Pipes* ("Pipes Decl."), *filed September 1, 2005; Deposition Transcript of Shell Guam, Inc., through designated representative Philip Stalker, Volume 2, July 27, 2005* ("Stalker Depo 2"), *p. 78, l. 17 through p. 81, l. 12* (copies attached to Pipes Decl.). The Agreements were prepared by Shell's attorney, Steven Zamsky. *Stalker Depo 2, p. 93, l. 17-19.* Shell understood that its operations through dealers were regulated and defined by the PMPA. *Id. at p. 78, l. 8-16.*

The Agreements were prepared by Shell counsel and forwarded to Shell management for review. *Id. at p. 82, l. 6-12.* Ada did not have any input on the preparation of the Agreements and Shell understood that Ada was relying upon Shell to prepare the Agreements. Shell is affiliated with the Royal Dutch Shell Company, a large, multinational corporation that has significant experience in the fuel and petroleum industry. Ada reasonably relied upon Shell to prepare Agreements that were appropriate for their relationship and Ada expected that Shell would have specialized knowledge with respect to the petroleum fuel industry. Ada relied upon Shell's knowledge in the fuel industry in preparing the Agreements. Shell never intended to

Anthony J. Ada v. Shell Guam, Inc., et al.
Civil Case No. CV00-00012
Memorandum of Points and Authorities in Support of Motion to Reconsider Order Granting Partial Summary Judgment
to Defendant Shell Guam, Inc.
Page 4 of 13 pages

allow Ada to draft any of the Agreements. When each of the Agreements was signed, Shell understood that the terms and conditions in the Agreements would influence Ada's decision about whether or not to sign the Agreements. *Id. at p. 87, l. 21, through p. 89, l. 23, p. 93, l. 6-12.*

Shell never told Ada before he signed any of the Agreements that Shell did not intend the above-quoted language regarding the PMPA to be effective. At the time the Agreements were presented to Ada, Shell understood that the PMPA provided protections to dealers. *Id. at p. 90, l. 18 through p. 91, l. 15.* Shell understood that when the Agreements were presented to Ada the terms were important in deciding whether or not to sign the Agreements. At the time Ada signed the Agreements, Ada had no reason to know that the PMPA language quoted above was not applicable to him. *Id. at p. 92, l. 15 through p. 93, l.12.*

Notwithstanding the PMPA language quoted above, by a letter dated December 10, 1999, Shell attempted to notify Ada that the alleged "agency" relationship for the operation of the petroleum franchises at the Mangilao Shell and Barrigada Shell service stations would be terminated and not renewed as of February 28, 2000. *SAC, ¶ 13, Exh. "F".* Shell admits that its December 10 letter does not comply with the requirements of the PMPA for termination. *Deposition Transcript of Shell Guam, Inc., through its designated representative James Hammond, Volume 1, June 29, 2005* ("Hammond Depo"), *p. 155, l. 1-13* (copies attached to Pipes Decl.); *Stalker Depo 1, p. 119, l. 9-18.*

Ada filed suit against Shell and obtained a Preliminary Injunction against Shell enjoining Shell from terminating the Agreements with Ada. *Preliminary Injunction, filed herein March 17, 2000.*

Anthony J. Ada v. Shell Guam, Inc., et al.
Civil Case No. CV00-00012
Memorandum of Points and Authorities in Support of Motion to Reconsider Order Granting Partial Summary Judgment
to Defendant Shell Guam, Inc.
Page 5 of 13 pages

The Preliminary Injunction incorporated by reference the Court's written decision granting the injunction. *Id.* The Decision and Order issued by the Court granting the injunction concluded that the Agreements between Ada and Shell "clearly define the franchisor to franchisee relationship as being within the protections of the PMPA." *Decision and Order, filed May 4, 2000, a copy of which is attached to the Pipes Decl.* The Decision and Order further states that "(b)ecause the parties agreed to bring the relationship within the PMPA, the Court finds that the PMPA requirements applies (sic) to the agreement." *Id.*

In addition to other claims, Ada filed suit against Shell for fraudulent inducement, intentional misrepresentation, and negligent misrepresentation based upon Shell's misrepresentations to Ada. *SAC, Counts III, IV, V, at 7-16.* Shell moved for summary judgment against Ada on those claims arguing that there was no evidence of justifiable reliance by Ada on the misrepresentations of Shell because Ada did not specifically know what protections he was afforded under the PMPA at the time he signed the agreements with Shell. *Memorandum of Points and Authorities in Support of Motion for Summary Judgment, filed September 1, 2005, at 12, 13.* Ada opposed Shell's summary judgment motion. *See, Memorandum of Points and Authorities in Opposition to Shell Motion for Summary Judgment, filed September 15, 2005; Declaration of Anthony J. Ada in Opposition to Shell Motion for Summary Judgment, filed September 15, 2005; Declaration of Richard A. Pipes in Opposition to Shell Motion for Summary Judgment, filed September 15, 2005; Declaration of Anthony J. Ada in Opposition to Shell Motion for Summary Judgment, filed September 29, 2005; Declaration of Richard A. Pipes in Opposition to Shell Motion for Summary Judgment, filed September 29, 2005.*

Anthony J. Ada v. Shell Guam, Inc., et al.
Civil Case No. CV00-00012
Memorandum of Points and Authorities in Support of Motion to Reconsider Order Granting Partial Summary Judgment
to Defendant Shell Guam, Inc.
Page 6 of 13 pages

On October 6, 2005, this Court issued its Order ("PSJ Order") granting partial summary judgment to Shell.[1] This Court held, without citation to any statute, case or other authority, that Ada's reliance upon Shell to draft agreements with appropriate language for their relationship did not "constitute justifiable reliance" and that summary judgment was appropriate in favor of Shell on Counts III, IV, and V of the SAC. *PSJ Order at 5-6.* Ada respectfully requests this Court to reconsider this holding for the reasons stated herein.

## II. RECONSIDERATION STANDARDS.

District Courts have the discretion to reconsider and vacate a prior order. *Barber v. Hawaii, 42 F. 3d 1185, 1198 (9th Cir. Cir. 1994).* Courts have entertained motions to reconsider under FRCP 59(e) or 60(b). See, *Los Angeles v. Santa Monica Baykeeper, 254 F. 3d 882, 887 (9th Cir. 2001); Sierra On-Line, Inc. v. Phoenix Software, Inc., 739 F. 2d 1415, 1419 (9th Cir. 1984).* A motion for reconsideration is treated as a motion to alter or amend judgment under Rule 59(e) if it is filed within ten days of entry of judgment. *American Ironworks & Erectors, Inc. v. North Am. Const. Corp., 248 F.3d 892, 898-99 (9th Cir. 2001).*

The primary grounds warranting reconsideration include: (1) an intervening change in controlling law; (2) the presentation of newly discovered evidence; and (3) the need to correct clear error or prevent manifest injustice. *Circuit City Stores, Inc. v. Mantor, 417 F.3d 1060, 1064 n. 1 (9th Cir. 2005); School Dist. No. 1J, Multnomah County, Oregon v. AC and S, Inc., 5 F. 3d 1255, 1263 (9th Cir. 1993), cert den., 512 U.S. 1236 (1994)* (reconsideration of a grant of summary

---

[1] The PSJ Order was entered on this Court's Docket on October 7, 2005.

Anthony J. Ada v. Shell Guam, Inc., et al.
Civil Case No. CV00-00012
Memorandum of Points and Authorities in Support of Motion to Reconsider Order Granting Partial Summary Judgment
to Defendant Shell Guam, Inc.
Page 7 of 13 pages

judgment is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law); *All Hawaii Tours Corp. v. Polynesian Cultural Center, 116 F.R.D. 645, 648 (D. Hi. 1987), rev'd in part on other grounds, 855 F. 2d 860 (9th Cir. 1988).*

Also, under Local Rule 7.1(I), a motion for reconsideration may be made on the grounds of a material difference in fact or law from that presented to the Court that in the exercise of due diligence could not have been known to the party moving for reconsideration, the emergence of new material facts or a change of law occurring after the time of such decision, or a manifest showing of a failure to consider material facts presented to the Court before an earlier decision.[2]

Ada contends that the PSJ Order should be reconsidered on the grounds that it amounts to clear error, it results in manifest injustice to Ada, and that the Court failed to consider material facts presented to it by Ada and admitted by Shell.

### III. ACTUAL FRAUD IS ALWAYS A QUESTION OF FACT.

Under Guam law, actual fraud consists of any of the following acts committed by a party to the contract with intent to deceive another party thereto, or to induce him to enter into the

---

[2] Ada is aware that Local Rule 7.1(i) purports to limit the grounds upon which a motion for reconsideration may be made. However, pursuant to FRCP 83(a), Local Rules adopted by the District Court must be consistent with Acts of Congress and the FRCP. The Ninth Circuit has interpreted the Federal Rules to allow motions for reconsideration on the grounds described above. Local Rules may not be adopted which are inconsistent with the FRCP and which contravene the interpretation of those Rules by the Ninth Circuit. Further, the Local Rules must be construed so as to be consistent with the Federal Rules. *See, Local Rule GR 1.1(c).*

Anthony J. Ada v. Shell Guam, Inc., et al.
Civil Case No. CV00-00012
Memorandum of Points and Authorities in Support of Motion to Reconsider Order Granting Partial Summary Judgment
to Defendant Shell Guam, Inc.
Page 8 of 13 pages

contract: (1) the suggestion, as a fact, of that which is not true, by one who does not believe it to be true, (2) a positive assertion in a manner not warranted by the information of the person making it, of that which is not true, though he believes it to be true, (3) the suppression of that which is true, by one having knowledge or belief of the fact, (4) a promise made without any intention of performing it, or (5) any other act fitted to deceive. *18 G.C.A. § 85308*. Actual fraud is always a question of fact. *18 G.C.A. § 85310*.

18 G.C.A. § 85310 was adopted from, and is identical to, California Civil Code Section 1574. The Supreme Court of Guam has ruled that California case law interpreting California statutes from which Guam statutes were derived is persuasive authority and adopts such case law absent a compelling reason to deviate from that jurisdiction's interpretation of those statutes. *May v. People, 2005 Guam 17, ¶ 9; Cruz v. Cruz, 2005 Guam 3, ¶ 9; People v. Hall, 2004 Guam 12, ¶ 18; Fajardo v. Liberty House Guam, 2000 Guam 4, ¶ 17*.

Actual fraud occurs when a party to the contract intends to deceive another party to the contract or to induce another party to enter into the contract on the basis of a promise made without any intention of performing it or any other deceitful act. *Walter E. Heller, Inc. v. Tecrim Corp., 241 Cal. Rptr. 677, 683 (Ct. App. 1987)* (summary judgment reversed). The essence of actual fraud is the existence of an intent at the time of the promise not to perform it, which is always a question of fact. *Id.* Fraudulent intent is an issue for the trier of fact to decide. *Diamond Woodworks, Inc. v. Argonaut Ins. Co., 135 Cal. Rptr. 2d 736, 753 (Ct. App. 2003)*. Negligent misrepresentation is a form of "actual fraud" which consists of the "positive assertion, in a

Anthony J. Ada v. Shell Guam, Inc., et al.
Civil Case No. CV00-00012
Memorandum of Points and Authorities in Support of Motion to Reconsider Order Granting Partial Summary Judgment
to Defendant Shell Guam, Inc.
Page 9 of 13 pages

manner not warranted by the information of the person making it, of that which is not true, though he believes it to be true." *Furla v. Jon Douglas Co.*, 76 Cal. Rptr. 2d 911, 915 (Ct. App. 1998) (citing Cal. Civ. Code § 1572, which is identical to 18 G.C.A. § 85308).

Under Section 1574, actual fraud is always a question of fact, and such question should be submitted to a jury for determination. *Butler-Veitch, Inc. v. Barnard*, 247 P. 597, 599 (Cal. App. 1926); *Friedberg v. Weissbuch*, 287 P.2d 785, 788 (Cal. App. 1955) (actual fraud is a question of fact); *Palmquist v. Mercer*, 272 P.2d 26, 31 (Cal. 1954) (actual fraud is a question of fact, trial court committed error in directing verdict for defendant on fraud claim).

"Except in the rare case where the undisputed facts leave no room for a reasonable difference of opinion, the question of whether a plaintiff's reliance is reasonable is a question of fact." *Blankenheim v. E. F. Hutton & Co., Inc.*, 266 Cal. Rptr. 593, 601 (Ct. App. 1990) (summary judgment reversed); *see also, Gray v. Don Miller & Assoc., Inc.*, 674 P.2d 253, 256 (Cal. 1984) ( Supreme Court holds that whether reliance is justified is question of fact); *Furla v. Jon Douglas Co., supra*, 76 Cal. Rptr. 2d at 915 (issue of justifiable reliance is question of fact which precludes summary judgment); *Ralph Andrews Productions, Inc. v. Paramount Pictures Corp.*, 271 Cal. Rptr. 797, 801 (Ct. App. 1990) (reliance is question of fact).

In this case, Shell has testified to, and therefore admitted, the following facts:

1. Shell understood that Ada was **relying** upon Shell to prepare the Agreements which contained the misrepresentation relating to the applicability of the PMPA;

Anthony J. Ada v. Shell Guam, Inc., et al.
Civil Case No. CV00-00012
Memorandum of Points and Authorities in Support of Motion to Reconsider Order Granting Partial Summary Judgment
to Defendant Shell Guam, Inc.
Page 10 of 13 pages

2. Shell has significant experience in the fuel industry and Ada **reasonably relied** upon Shell to prepare agreements which were appropriate for their relationship;

3. Ada reasonably expected that Shell would have specialized knowledge with respect to the fuel industry and Ada **relied** upon Shell's knowledge in the fuel industry in preparing the Agreements;

4. When each of the Agreements was signed, Shell understood that the terms and conditions in the Agreements would influence Ada's decision about whether or not to sign the Agreements;

5. Shell never told Ada before he signed any of the Agreements that Shell did not intend the PMPA to be applicable to him as clearly stated in each of the Agreements;

6. Shell understood that when the Agreements were presented to Ada for signing the terms were important to Ada in deciding whether or not to sign the Agreements; and

7. At the time Ada signed the Agreements, Ada had no reason to know that Shell did not consider the PMPA language quoted in each of the Agreements to be applicable to him.

*Infra, at 3-4* (emphasis supplied).

Further, the following facts testified to by Ada are undisputed:

Anthony J. Ada v. Shell Guam, Inc., et al.
Civil Case No. CV00-00012
Memorandum of Points and Authorities in Support of Motion to Reconsider Order Granting Partial Summary Judgment
to Defendant Shell Guam, Inc.
Page 11 of 13 pages

1. While Ada may not have completely understood the PMPA language at the heading of the Agreements, Ada believed that all of the terms and conditions contained in the Agreements, including the PMPA language, were important and were to be **relied** upon by both Ada and Shell;

2. Ada **relied** upon Shell to prepare the Agreements because it had specialized knowledge in the petroleum fuel industry. Had Ada known that there were provisions in the Agreements which Shell felt were not applicable to Ada, he would never have entered into any of the Agreements with Shell;

3. Ada did not have any "mistake" as to the applicability of the PMPA to the Agreements and his relationship with Shell. Ada felt that all of the terms and conditions in the Agreements, including the PMPA language, were applicable and were binding as to the rights and obligations of both Ada and Shell; and

4. All of the Agreements were prepared by Shell and Ada had no input into the drafting of the Agreements. Ada did not negotiate any of the terms of the Agreements and the Agreements were presented to him, in their final form, for signing. Ada made no amendments to any of the Agreements.

*Declaration of Anthony J. Ada, filed September 15, 2005,* ¶ *4; Declaration of Anthony J. Ada, filed September 22, 2005,* ¶ *5.*

A finding is "clearly erroneous" when although there is evidence to support it, the

Anthony J. Ada v. Shell Guam, Inc., et al.
Civil Case No. CV00-00012
Memorandum of Points and Authorities in Support of Motion to Reconsider Order Granting Partial Summary Judgment
to Defendant Shell Guam, Inc.
Page 12 of 13 pages

reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. *U.S. v. U. S. Gypsum Co., 333 U.S. 364, 395 (1948)*. "Manifest injustice" is defined as "an error in the trial court that is direct, obvious, and observable." *Black's Law Dictionary*, 974 (7th ed. 1999). This Court committed clear error and manifest injustice in granting summary judgment to Shell on Ada's fraud claims.

As shown above, Ada's claims for fraudulent inducement, intentional and negligent misrepresentation amount to claims of "actual fraud" under Guam law. Actual fraud is always a question of fact which precludes summary judgment. Further, the question of whether a plaintiff's reliance on misrepresentations is reasonable or justified is a question of fact to be determined by a jury, under the applicable law and decisions. This Court committed clear error and manifest injustice by refusing to allow such issues to be submitted for determination by the trier of fact.

Additionally, this Court failed to consider material facts presented to the Court before the issuance of the PSJ Order. In the PSJ Order, the Court depended solely upon a finding that because Ada relied upon Shell to draft the Agreements he was unable to present any evidence of justifiable reliance on Shell's misrepresentations. *PSJ Order at 6*. However, as shown above, Ada presented the Court with much more material evidence of Ada's reasonable reliance upon Shell's misrepresentations. Specifically, while Ada may not have completely understood the PMPA language, he nevertheless relied on the PMPA language, and all other terms of the Agreements, as binding on both parties as to their rights and responsibilities. Ada relied upon

Anthony J. Ada v. Shell Guam, Inc., et al.
Civil Case No. CV00-00012
Memorandum of Points and Authorities in Support of Motion to Reconsider Order Granting Partial Summary Judgment
to Defendant Shell Guam, Inc.
Page 13 of 13 pages

the expert knowledge of Shell in the fuel industry and believed that the terms and conditions in the Agreements were appropriate for the relationship between Shell and Ada.. Shell admits that it understood that Ada was relying upon it to prepare Agreements which were appropriate for their relationship. Shell never advised Ada that it had misrepresented the applicability of the PMPA to the Agreements and Shell admits that when it presented the Agreements to Ada for signing it knew that the terms in the Agreements, including the PMPA language, were important to Ada in deciding whether to sign the Agreements. Finally, it is undisputed that had Ada been informed by Shell that it did not intend the PMPA language to be effective Ada would never have signed the Agreements. Reasonable and justifiable reliance by Ada was clearly evident from the material facts presented to the Court before the issuance of the PSJ Order, which the Court failed to consider.

## IV. CONCLUSION.

For the reasons stated herein, this Court should grant Ada's motion to reconsider.

Dated this 21st day of October, 2005.

LAW OFFICES OF RICHARD A. PIPES
Attorneys for Plaintiff

By: _____
RICHARD A. PIPES

RAP/nsh